O’NIELL, Chief Justice.
 

 This is a suit to remove from office the sheriff of the Parish of Avoyelles. The suit is brought under the provisions of Section 6 of Article IX of the Constitution, authorizing the attorney general or district attorney to bring such a suit, and compelling either of them to do so on the written request of twenty-five or more citizens and taxpayers. This was not a voluntary proceeding by the district attorney, but was compelled by the petition of the necessary number of citizens and taxpayers.
 

 The charges made were high crimes and misdemeanors in office, incompetency, corruption, favoritism, oppression in office and gross misconduct. The charges therefore embrace all of the grounds for impeachment, enumerated in Section 1 of Article IX of the Constitution, except extortion and habitual drunkenness.
 

 The judge and the district attorney both were recused,, and a judge ad .hoc was ap
 
 *821
 
 pointed to hear the case and a district attorney pro tempore to prosecute it.
 

 The judge ad hoc, after hearing the testimony of a long list of witnesses on each side, gave judgment for the defendant. The district attorney pro tempore is appealing the judgment.
 

 At the time of the trial the defendant was a candidate for re-election; hence the judge in his written reasons for his judgment declared that the case was almost a moot case, because the electors of the parish would very soon decide whether the sheriff should be ousted or remain in office for another term of four years. Since the judgment was rendered and the appeal was taken the sheriff has been nominated in the Democratic primary election, which means that he has been virtually elected to succeed himself for another term of four years.
 

 The written opinion rendered by the judge ad hoc gives a thorough analysis of the testimony, and leaves no doubt that the suit was not well founded. The complaints stated specifically in the petition are more numerous than serious. None of the charges except one is sustained by proof. That charge, — which the defendant confessed, — was that he failed to obey the requirement of Act No. 286 of 1940 to furnish the clerk of court with a monthly report showing the expenditures of the sheriff’s office and a list of the names and salaries of his deputies and employees. It was charged also that he failed to furnish such a monthly report to the police jury. He did furnish the report to the police jury but failed to furnish it to the clerk of court. The district judge held that, although the failure to furnish the report to the clerk of court was a violation of Act No. 286 of 1940, it was not such a violation of law as would justify the removal of the sheriff from office. We concur in the ruling.
 

 The other charges brought against the sheriff were for the most part neglect of duty in the matter of suppressing gambling, particularly with slot machines. The evidence shows and the judge found that the sheriff was not neglectful of his duty in that respect. The only vicinities in which the playing of slot machines or other forms of gambling flourished were the vicinities where public sentiment tolerated it and the majority of the citizens winked at it, and hence no one would inform against the offenders. One of the witnesses who had firsthand — not hearsay— information assured the judge that the sheriff suppressed gambling and enforced all of the so-called blue laws in every locality in which he had enough information and the necessary cooperation.
 

 A very large array of reputable citizens, including merchants, bankers, professional men and public officials, — some of them avowing that they were not of the sheriff’s political faith, testified as character witnesses for the defendant and gave him an excellent reputation for being faithful in the performance of the duties incumbent upon him as Sheriff of the Parish of Avoyelles, according to the best of his ability and understanding.
 

 
 *823
 
 Our conclusion therefore is that the judge ad hoc was right in dismissing the suit.
 

 The sheriff has answered the appeal and in his answer prays that the judgment should be reversed so far as it dismissed as of nonsuit his reconventional demand for attorney’s fees against the citizens and taxpayers who petitioned the district attorney to file the suit. The judge condemned these petitioners in solido to pay the costs of court, but dismissed as of nonsuit the sheriff’s demand against them for his attorneys’ fees. The sheriff relies upon the 3rd or concluding paragraph in Section 7 of Article IX of the Constitution, declaring:
 

 “In any cause finally decided in favor of a defendant officer, he shall recover judgment for all costs and a reasonable attorney’s fee.”
 

 The reason why the judge rejected the sheriff’s demand for the attorneys’ fees is that the provision on that subject in the Constitution does not in terms declare that the citizens and taxpayers signing the petition for the removal of a public official shall be liable for the fees of the attorney employed by the official to defend the suit. The provision is merely that if the suit be decided in favor of the defendant he shall recover judgment for all costs and a reasonable attorney’s fee. There is no express provision as to who shall be condemned to pay the attorney’s fee.
 

 In Section 10 of Act No. 135 of 1880, which gave effect to the provisions of articles 196 and 201 of the Constitution of 1879 on this subject, it is declared:
 

 . “That if judgment in such suits be rendered against the defendant he shall be condemned to pay all costs, and if judgment be rendered in his favor the citizens at whose request the suit was brought shall be condemned jointly and in solido to pay all costs.”
 

 But it is not declared in the statute that the citizens at whose request the suit was brought shall be condemned to pay the defendant’s attorney’s fee if judgment be rendered in his favor. Perhaps the reason, why the lawmaker deemed it necessary to provide by statute that the signers of the petition to the district attorney to bring the suit should be liable for the court costs if a judgment should be rendered in favor of the defendant is that the signers of the petition were not deemed to be parties to the suit.
 

 The case of Coco, Attorney General, v. Jones, Judge, 154 La. 124, 97 So. 337, 342, was a suit to remove from office the judge of the district court. He pleaded that the petition did not set up a cause of action; hence he asked for the dismissal of the suit and for a judgment for the costs of court and a reasonable fee for his attorneys for defending the suit. This court, having original jurisdiction of the case, maintained the exception of no cause of action and dismissed the. suit, but dismissed also the defendant’s reconventional demand for his attorneys’ fee, — thus :
 

 “The defendant invokes the provision in-the third paragraph of the seventh section of article 9 of the Constitution that, in a case like this, finally decided in favor of the defendant, he shall have judgment for all
 
 *825
 
 costs and for a reasonable fee for his attorney. The defendant, of course, has not paid or advanced any court costs. If the costs have not been paid by the Attorney General, it is because the suit has been regarded as an action by the state. We do not find any authority for condemning any particular individual, or the state, to pay the defendant’s attorneys’ fees. Therefore, until there is some legislation on the subject, we shall decline to give judgment for an attorney’s fee in such case.”.
 

 The sheriff relies upon an expression in the opinion rendered in the case entitled In re Perez, 194 La. 763, at page 772, 194 So. 774, at page 777 — viz: “for in the event of his [the defendant’s] vindication, he would be entitled to a reasonable attorney’s fee and costs against those parties [meaning the parties who signed the petition for the removal of the defendant from office].” But that was said after the court virtually had decided the matter presented for decision, and in a new paragraph, beginning with the word “Moreover”.
 

 In another case having the same title, In re Perez, 197 La. 334, at pages 342, 343, 1 So.2d 537, at page 540, it was said:
 

 “The citizens and taxpayers who sign such a petition make themselves liable jointly and in solido for all costs of the suit, and perhaps for an attorney’s fee, if the judgment goes in favor of the 4efendant. Const, art. IX, § 7, par. 3; Act No. 135 of 1880, § 10, p. 186; Glisson v. Biggio, 139 La. 23, 71 So. 204.”
 

 The use of the word “perhaps” avoided committing the court absolutely on the question of liability for the attorney’s fee. The case cited, Glisson v. Biggio, was a suit for damages, under article 2315 of the Civil Code. The plaintiff was the Mayor of Abita Springs, and the defendants had signed a petition requesting the district attorney to bring suit to remove the mayor from office for nonfeasance, malfeasance and gross misconduct. The district attorney brought the suit but afterwards dismissed it on his own motion.
 

 The question whether Sheriff Jeansonne has a cause of action to claim attorneys’ fees in a suit for damages is not foreclosed by the judgment dismissing his reconventional demand as of nonsuit, because the reason for the dismissal is that the parties against whom the demand is made are not parties to the suit.
 

 The judgment is affirmed.