TATE, Judge
(dissenting).
I must respectfully dissent.
The majority opinion well and fairly summarizes the evidence in the record. The circumstances giving rise to this removal action are certainly such as justifiably arouse suspicion. Because the explanation of these circumstances may seem ambiguous or improbable, however, it is not necessarily false. The. District Court and the jury had the, opportunity to see and hear the witnesses, and the jurymen unanimously held the evidence did not prove the misdemeanor charged, and the District Court adopted this verdict as the judgment appealed from.
It may well be that knowing and hearing the evidence of the circumstances of this close-knit ,-family of nine brothers, intermingling in management, banking activities, but not[1] necessarily in the proceeds of several of the none-too-numerous businesses of the Varnado community, they believed the explanation that defendant Fornea, a former President of the Washington Parish Police - Jury, had not used his office to -secure any expenditure of public funds-to his own profit. It should be added that every other member of the. police jury testified that Fornea did not influence the police jury to make purchases from the various Fornea concerns, and that there is no question here but that the police jury, received the supplies for which it paid.
For it must be remembered that this removal is sought on the ground that Fornea committed a misdemeanor under LSA-R.S. 14:140; and in my belief even in this civil action the State has the burden of proving this offense “beyond a reasonable doubt”, LSA-R.S. 15:263, not simply by the preponderance of the evidence. To hold otherwise would permit removal on the ground a public official had allegedly committed[1] a specific misdemeanor, even though there is not sufficient evidence to prove commission of this criminal misdemeanor.
My dissent is dictated by my belief that the verdict of this jury and the judgment of this District Court cannot be reversed unless .it is manifestly erroneous. The Constitution apparently permits removal not only on the ground of commission of a crime, but also for such reasons as “incompetency”, “favoritism”, “oppression in office”, “gross misconduct”, “extortion”, “habitual drunkenness” — relative terms, whose meanings might vary, from individual to individual. To me it is particularly appropriate that such charges be tried before a jury of people of the general locality, rather than that determination . of whether an official called to his office through the sacred voice of the people is subject to removal, be according to the variable standards of members of. the j-udiciary.
The record -reflects that the jury unanimously rendered a verdict for the defendant and rejected the plaintiff’s charges against him. As stated by our brothers of the Second Circuit in passing in a civil action upon a jury verdict based on the credibility of witnesses, and accepting the jury’s determination, Norman v. State, La. App., 69 So.2d 120, at page 132:
“And, again in Selser v. Revol, 152 La. 447, 93 So. 675, 677, the court said:
*479 “ ‘It is the peculiar province of a jury under the law of this state to pass upon the credibility of witnesses. A jury of the vicinage is presumed to know the witnesses and to be acquainted with their reputations for truth and veracity in the community in which they live. The jury see the witnesses, hear them testify, and are better capacitated to place a just estimate on their evidence than the judges of the Supreme Court on appeal, and-their verdict, for these reasons, should not be lightly considered or hastily disturbed (cases cited).
“ ‘On questions of fact involving the credibility of witnesses, the -verdict of the jury will not be disturbed unless manifestly erroneous (cases cited).’
******
“ ‘The very purpose of a trial by jury is to decide the facts of a case, and we do not feel justified in setting aside the verdict of the jury in this case, where the testimony is conflicting, and the testimony of the plaintiff is sufficient to sustain such verdict, if accepted as' credible. The jury has believed the plaintiff’s testimony, * * *.’ ”
Had, for instance, the District Court found that the jury’s verdict was manifestly erroneous and set it aside, the defendant would have been entitled to a new trial and verdict by another jury of his peers. For the trial court’s power in upsetting the verdict of a jury is limited to ordering a new trial, Article 541, Code of Practice; LSA-R.S. 13:4261; State ex rel. Shreveport Cotton Oil Co. v. Blackman, 110 La. 266, 34 So. 438.[2] Nor may he set aside a verdict of a jury in the same case more than twice, and must accept the third jury verdict therein, LSA-R.S. 13:4160. The able District Court did not set aside the jury verdict ex proprio motu as was his right, but instead signed a judgment based upon this jury verdict and therefore presumably did not find it manifestly erroneous. While appellate courts nevertheless may disregard this -finding by a jury approved by judgment of the District Court and may nevertheless render judgment despite the jury verdict, which the District Court itself could not do, I feel this power must of necessity be exercised sparingly. -
Pretermitting the question of whether any evidence as to purchases from the Fornea . Brothers Lumber Company other than those pleaded in the petition (the earliest of which was October 7, 1952) should Have been admitted in evidence as proof of any misdemeanor committed, and I do not believe they were admissible since they were ultra petitianem, (see Article VIII of Petition, quoted in majority opinion above) ; as to those purchases made during a previous term on the police jury, I am further inclined to the belief that just as a removal suit is abated by the election of the defendant official to another term or another office, State ex rel. Riddle v. Jeansonne, 205 La. 818, 18 So.2d 306, so should the cause of action be abated upon the official’s being reelected to another term or elected to another office on -the principle that our great sovereign, the people, have in their infinite wisdom seen fit to anoint the aspirant despite his past shortcomings; albeit, there is some authority to the contrary, see Stanley v. Jones, 197 La. 627, 2 So.2d 45; on the merits at 201 La. 549, 9 So.2d 678.
I respectfully dissent.

. The Code of Practice articles governing trial by jury in civil cases indicate that the jury is judge both of fact and of law, see annotations to Article 620, Code of Practice, which provides:
“The jury is always at liberty to give a general verdict by pronouncing on the law and on the fact, in the case submitted to them.--
“Therefore, the law permitting either party to submit specially the facts in the ease to the jury, and so depriving them of the right of giving a general verdict in the suit, is abrogated.”