HAMITER, Justice.
The District Attorney of Rapides Parish instituted this suit on September 12, 1959, at the request of citizens and taxpayers and pursuant to the provisions of Article IX, Sections 1 and 6 of the Louisiana Constitution, seeking to remove the defendant, Grady L. Kelley, Jr. from the position of sheriff of such parish. The petition alleged, as causes for removal, that in the conduct of his office the defendant has been guilty of high crimes and misdemeanors, of corruption, and of gross misconduct; and that he is incompetent to hold the position of sheriff.
After institution of the suit various preliminary pleadings were filed. Among these was a motion by the defendant to re-cuse the Honorable Walter M. Hunter, one of the two judges of the Ninth Judicial District Court in and for the Parish of Ra-pides and to whom the cause had been allotted, on the ground that he would be called as a material witness for the defendant. The motion to recuse was referred to the Honorable William A. Cul-pepper (the other judge of the district) who, after a hearing, overruled it, he having concluded that the testimony to be elicited from Judge Blunter would have no material bearing on the issues in the suit.
To obtain a review of such ruling, as well as of other unfavorable rulings, the defendant invoked our supervisory powers by means of an appropriate application.
We granted alternative writs, along with a stay order, and limited consideration of the cause to the question of the recusation of Judge Hunter. However, following that action by us, specifically in the general election held on April 19, 1960, the defendant was re-elected for another term of four years to the position of Sheriff of Rapides Parish.
An almost identical situation was presented in State ex rel. Riddle v. Jeansonne, 205 La. 818, 18 So.2d 306, 309, which was a suit brought by the District Attorney of Avoyelles Parish, pursuant to the above mentioned provisions of Article IX, Sections 1 and 6 of the Louisiana Constitution, to remove from office the sheriff of that *834 parish. The only distinction between the two cases — a distinction that is unimportant — is that therein we had before us an appeal from a judgment which' dismissed the suit after trial of the merits, whereas the instant consideration is under our supervisory powers and concerns a ruling on a preliminary matter.
In the Jeansonne case, through a per curiam rendered when denying a rehearing, we said: “The petition for a rehearing must be denied because the action for the removal of the sheriff has become abated by the expiration of his term of office. * * * On the next day after the judgment was rendered by this court, in the general election, held on April 18th, the sheriff was re-elected for another term of four years, and the case thereby became absolutely a moot case. * * * This suit, therefore, to remove the sheriff from office for the term for which he was serving at the time when the suit was filed, has become abated.
“Even if a judgment had been rendered in this case removing Sheriff Jeansonne from office, and if that judgment had become final before he was re-elected, the judgment of removal would not have disqualified him for re-election. Saint v. Irion, 165 La. 1035, 116 So. 549. And from this it follows that the pendency of this s%vit against him at the time of his re-election did not disqualify him as a candidate for re-election, or affect the validity of his re-election. For that reason the ruling in Stanley v. Jones, 197 La. 627, 2 So.2d 45, cited in the petition for a rehearing in this case, is not applicable.” (Italics ours.)
Clearly the decision in the Jeansonne case is controlling here. And, in view of the doctrine there announced and applied and of the re-election of this defendant, we are compelled to hold that the instant suit has become absolutely moot and must be dismissed.
Contending that this action has not abated, the district attorney cites and relies on four decisions of this court. But none is applicable. In State ex rel. Attorney General v. Lazarus, 39 La.Ann. 142, 1 So. 361 the offenses charged as causes for removal occurred (unlike those charged here) during both the old and new terms of office. The other three decisions cited and relied on, namely, State ex rel. Billon v. Bourgeois, 45 La.Ann. 1350, 14 So. 28; State ex rel. Perez v. Whitaker, 116 La. 947, 41 So. 218, and State ex rel. Billon v. Bourgeois, 47 La.Ann. 184, 16 So. 655, 656, involved the same situation as that existing in Stanley v. Jones, supra (they were cited as authority for the holding in the latter), and we held in the Jeansonne case that the ruling in Stanley v. Jones was not there applicable.
For the reasons assigned the writs heretofore issued are recalled, and it is now ordered, adjudged and decreed that the instant suit be, and the same is, hereby dismissed.