FOURNET, Chief Justice.
 

 The defendant, Grady L. Kelley, Jr., against whom nineteen indictments were returned by the Grand Jury of the Parish of Rapides, eighteen charging malfeasance in office and the nineteenth charging unauthorized use of a movable, moved in each case to recuse Judge Walter M. Hunter of the Ninth Judicial District Court to whom the cases were assigned on the ground that he is a material witness and will be summoned in the event of trial of these charges to testify on behalf of the defendant.
 
 [1]
 
 On Judge Hunter’s refusal to voluntarily recuse himself the matter was referred by him to Judge Earl H. Edwards of the Twelfth Judicial District Court — all nineteen cases having been consolidated for purposes of trial of the Motions to Recuse ■ — and is now before us on alternative writs granted on Kelley’s application to review the ruling of Judge Edwards sustaining
 
 *227
 
 Judge Hunter and holding that he, Judge Hunter, can hear the cases.
 

 The defendant is now and has been for several years past the Sheriff of the Parish of Rapides, and the charges set forth in the indictments are the same, generally speaking, as those alleged in a removal from office suit instituted by the District Attorney of Rapides Parish on September 12, 1959. A similar motion to recuse Judge Hunter in that proceeding was referred to the other judge of the District, and upon his overruling of said motion we granted alternative writs — but these were subsequently recalled and the suit dismissed due to the fact that meanwhile, in the general election held on April 19, 1960, the defendant had been re-elected for another term of four years to the position of Sheriff of Rapides Parish and, under the jurisprudence, the removal suit had become moot. See State ex rel. Pharis v. Kelley, 239 La. 704, 119 So.2d 833.
 

 Subsequent to the dismissal of the removal action, the Grand Jury returned the nineteen indictments in which the present motions to recuse were filed — eighteen charging malfeasance in office (R.S. 14:-134) through the mishandling of public funds
 
 [2]
 
 and the nineteenth charging that defendant committed the act of unauthorized use of a movable (R.S. 14:68) in that he permitted a private individual to keep and use a certain described automobile for purely private and personal use outside the Parish of Rapides, without consent of the Parish “but without the intent to permanently deprive the Parish of Rapides of said automobile.”
 

 It appears that the testimony of Judge Hunter would concern a request by defendant, made in person to the Judge, that Judge Hunter consider and approve in advance withdrawals from the Salary Fund that were out of the ordinary, and certain other acts not in the routine procedure followed by the office of the Sheriff. This request to the Judge, according to defendant, was the outgrowth of an audit of the books and records of the Sheriff’s office in the latter part of 1957, when auditors or agents of the office of the Supervisor of Public Funds questioned vouchers that had been issued during the year for investigations of a criminal nature, and similar unusual proceedings; and after discussion of
 
 *229
 
 these matters the said agents recommended that in the case of funds to defray the cost of such secret and undisclosed investigations or for other uses which could not immediately be made public (e. g., narcotic investigations, or procuring of information from informers to facilitate detection of law violations) where currency in hand would be a necessity, the District Judge’s approval be secured in advance. Following this conference, the Sheriff went to the District Judge in order to seek his cooperation in approving vouchers as recommended by the auditors. According to the defendant, the Judge refused, giving as his reason that he might ultimately be called upon to preside in criminal prosecutions based on evidence obtained through such investigations, and in any event the right and authority to issue vouchers was the Sheriff’s responsibility.
 
 [3]
 
 The agents from the Office of Supervisor of Public Funds were so informed, and it was then suggested that the subject be referred to the Sheriff’s attorney for his advice. At the time the original removal suit was pending, defendant’s attorney discussed with Judge Hunter the above mentioned conversation, suggesting that a motion to recuse was necessary to avoid depriving defendant of material evidence in his behalf.
 
 [4]
 
 Counsel for defendant submit that it is in the light of the above circumstances that we must view the ruling of Judge Edwards in the District Court.
 

 On the trial before Judge Edwards of these consolidated motions to recuse, testimony was adduced on the subject of the conference from both Judge Hunter and the defendant, the substance of which was in accord with the pertinent portion of the statement made above. On objection from the District Attorney, certain evidence was excluded;
 
 [5]
 
 no evidence was offered by the State. At the conclusion of the hearing the trial judge, referring to the evidence offered at the trial, observed: “It seems to me that that goes to the merits of the controversy and would touch on the guilt or the innocence rather than on the motion
 
 *231
 
 to recuse.” He nevertheless concluded that in his opinion Judge Hunter was not a material witness, and overruled the motions to recuse.
 

 Counsel for defendant contend that while the trial judge correctly found that the testimony of Judge Hunter would go to the merits of the cause, he erred in failing to conclude from that fact that Judge Hunter is a material witness; or, stated .another way, since a trial judge, in trying the facts of a case, must weigh the evidence and must do so impartially, he cannot ■appear as a witness in the trial of a suit wherein he sits as judge — and therefore, since the substance of the conference between Judge Hunter and the defendant is ■evidence material to the latter’s guilt or innocence, the Judge should be recused.
 

 Malfeasance in office, according ■to the provisions of our law,
 
 [6]
 
 consists of an
 
 intentional
 
 refusal or failure to perform a duty of the office or the
 
 intentional
 
 performance of such duty in an unlawful manner; unauthorized use of a movable
 
 [7]
 
 also has, as an essential element, the
 
 intentional
 
 taking or use of a movable belonging to another. It is obvious that criminal intent is an essential element required to be proved, and evidence of intent is clearly pertinent to the issues in these cases. Moreover, the defendant must be allowed to make use of
 
 all
 
 the evidence which is available for his defense, even though such evidence in itself be insufficient to establish the whole or any definite portion of defendant’s contention. See 31 C.J.S. Verbo Evidence § 160, p. 869.
 
 [8]
 

 Clearly, the conference with Judge Hunter constitutes evidence material to the defense of the accused, as indicating a course of action pursued in good faith in the conduct of the affairs of the Sheriff’s office;
 
 *233
 
 ■and the testimony as to these conversations •can he incontrovertibly established only through the testimony of Judge Hunter; if deprived of that testimony, the defendant himself would be forced to take the stand. If denied the right to present the testimony, he is also deprived of his right to make his defense as full and complete as possible.
 

 For the reasons assigned, the writs granted in this case are made peremptory, and accordingly the ruling of the trial judge •overruling the motions to recuse is reversed; and it is now ordered, adjudged and decreed that the motions to recuse Judge Walter M. Hunter in the trial of the several indictments above mentioned be sustained.
 

 [1]
 

 . The Louisiana Code of Criminal Procedure, Art. 303, R.S. 15:303, declares: “The causes for -which any judge in any criminal ease shall be recused, shall be as follows: * * * (3) His being a material witness in the cause. * * * ”
 

 [2]
 

 . Ton of the eighteen indictments recite that malfeasance consisted of the act on the part of defendant of withdrawing from the Salary Fund of the office of Sheriff of Rapides Parish on the various dates recited a specified sum of money, failing to deposit same, and in withholding said moneys from the Salary Fund until a certain subsequent date; four-charge malfeasance in that defendant on the dates recited withdrew from the Sheriff’s Salary Fund, deposited to his personal bank account, and expended for his personal use, specified sums of money; and four charge malfeasance in that defendant paid from the Sheriff’s Salary Fund given amounts at various times to Southern Bell Telephone & Telegraph Company for telephone calls of a purely private and personal nature.
 

 [3]
 

 . This is substantially supported by the testimony of Judge Hunter, who does not particularly recall all of the conversa- • tion.
 

 [4]
 

 . That motion was referred to Honorable William A. Culpepper (the other Judge of the District), who overruled it, and it was in order to review that ruling that writs were granted which were subsequently recalled, as stated in the body of the opinion.
 

 [5]
 

 . Defendant sought to introduce the petition in the suit to remove, the motions to recuse in that action, and the preliminary and final answers of Judge Hunter therein; also, he sought to offer the testimony of his attorney to show that following the conference with Judge Hunter and at the suggestion of agents of the Supervisor of Public Funds, the proffered witness had been consulted in his legal capacity and had fully advised defendant concerning his legal obligations, responsibilities and duties as Sheriff, and particularly with respect to the withdrawal and use of funds in procedures outside the usual course of the Sheriff’s business.
 

 [6]
 

 . R.S. 14:134 declares that “Malfeasance in office is committed when any public officer or public employee shall: (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or (2) Intentionally perform any such duty in an unlawful manner; or (3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner. Whoever commits the crime of malfeasance in office shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.”
 

 [7]
 

 . R.S. 14:68 provides: “Unauthorized use o.E movables is the intentional taking or use of any movable which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices or representations, but without any intention to deprive the other of the movable permanently. * * * Whoever commits the crime of unauthorized use of movables shall be fined not more than one hundred dollars, or imprisoned for not more than six months, or both.
 

 [8]
 

 . “A relevant fact will not be rejected because not sufficient in itself to establish the whole or any definite portion of a party’s contention, but all that is required is that the fact must legally tend to prove some matter in issue or to make a proposition in issue more or less probable, and bear directly or indirectly thereon. It is no objection to the admissibil
 
 *233
 
 ity of a party’s testimony that it is competent only on 1ns own theory of the case; he has the right to have the case submitted to the jury [or the judge] on his theory if there is any testimony to support it.”