DUFRESNE, Judge.
The defendant, Robert LeCompte, was charged by Bill of Information with unauthorized use of a movable valued at $1,000 belonging to Linda’s Limousine Service in violation of LSA-R.S. 14:68. He pled not guilty and after trial was found guilty as charged and was sentenced to six months in parish prison, which was suspended. The defendant was placed on inactive probation for one year with the special condition that he pay various court costs and a fine of $250 to the Indigent Defender Board. The defendant was additionally ordered to return all property belonging to the victim.
A motion for appeal was filed. The appropriate procedural vehicle for the defendant to seek review of his conviction is an application for supervisory writs. However, in the interest of judicial economy, an appeal improperly taken in a misdemeanor case may be treated as an application of supervisory writs, thereby enabling the reviewing court to rule on the merits of the application. City of New Orleans v. *368 Ballansaw, 475 So.2d 768 (La.1985); State v. Cologne, 562 So.2d 24 (La.App. 5 Cir. 1990).
FACTS
There were only two witnesses who testified at trial, Linda Rodriquez, the owner of Linda’s Limousine Service, Inc., and the defendant.
Linda Rodriguez testified that she is the sole owner and shareholder of Linda’s Limousine Service, Inc. Although she only incorporated the business in March of 1989, she has owned and operated it herself for the past twelve years.
Both witnesses testified that they entered into a verbal agreement whereby defendant was provided with use of a limousine. In exchange for defendant bringing in new business, he would share equally in the profits made from the use of the limousine. In addition to the limousine, defendant was provided with other equipment, including a two way radio, a cellular telephone, an adapter and charger, a beeper and a champagne bucket. Linda Rodriguez also contends that defendant has crystal glasses and a set of keys to the limousine that belong to her.
According to Linda Rodriguez, she had to terminate their business arrangement in July of 1990 because defendant was withholding money from her. Although defendant kept avoiding Ms. Rodriguez’ calls, she finally left a message with his daughter, telling her that she did not want the money back, but she did want her equipment. Subsequently, Ms. Rodriguez went to defendant’s house and told him that she wanted the equipment back; however, he informed her that he was not giving it back and that she would have to contact his lawyer. Ms. Rodriquez also retained an attorney who sent the defendant a letter demanding the equipment back. To her knowledge, he did not respond to the demand letter. State’s Exhibit Nos. 3 and 4 are the letters sent by the two attorneys.
According to Ms. Rodriguez, defendant was not liable for any debts of the corporation, nor was he required to pay any expenses.
Defendant testified that Ms. Rodriguez offered him 50% interest in the business in exchange for him bringing in new business. It was his understanding that they were partners and that she was going to give him 50% of the profits after expenses were paid. According to defendant, he stayed in the relationship until the beginning of July, 1990, at which time she called him and started screaming about the cost of the portable telephone use. Defendant admits that the equipment was purchased in the corporation’s name, but contends it was given to him to use whenever needed. Defendant also admitted that the items, with the exception of the limousine, are still in his possession on advice of counsel because there is apparently a civil matter pending. Defendant did return two checks totalling $150.00 to Ms. Rodriguez; however, she had already stopped payment on the checks.
After listening to this testimony, the trial judge found defendant guilty of unauthorized use of a movable valued at $1,000.
SUFFICIENCY OF EVIDENCE
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5 Cir.1990).
Defendant was convicted of unauthorized use of a movable valued at $1,000 or less. LSA-R.S. 14:68 sets forth the elements of the offense as follows:
Unauthorized use of a movable is the intentional taking or use of a movable which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently. The fact that the movable so taken or used may be classified as an *369 immovable, according to the law pertaining to civil matters, is immaterial.
In this assignment, defendant challenges the sufficiency of the evidence used to convict him. More specifically, he asserts that “a reasonable factfinder having a general familiarity with joint business ventures would necessarily have a reasonable doubt as to whether one of the partners had the right to retain partnership property while awaiting a civil resolution of a partnership dispute.”
In contrast, the state contends that all the elements of the offense were proven beyond a reasonable doubt. Defendant admitted that he had possession of the property and had no ownership interest in the property.
It is questionable whether defendant had the criminal intent necessary to sustain his conviction. Defendant admitted that the equipment belonged to Linda’s Limousine Service; however, he did not give it back on advice of counsel because there was apparently a civil suit pending. Lack of intent is also evidenced by Rodriguez’ testimony that “it was strictly a joint venture that didn’t work out and went very sour.”
From our review of the record, the state has not proven that the defendant used the equipment without Rodriguez’s consent or by means of fraudulent practices. In State v. Bias, 400 So.2d 650 (La. 1981) the Louisiana Supreme Court reversed defendant’s conviction concluding that the default in the rental payments by defendant and his retention of a T.Y. set following such default did not constitute “use without consent” or “use by fraudulent practices” for the purpose of statute prohibiting unauthorized use of a movable. The Louisiana Supreme Court discussed the nature of the offense as follows:
A person commits the crime of unauthorized use of a movable when he either takes or uses another’s property without the owner’s consent or by means of fraudulent practices. R.S. 14:68, although not requiring that a person act with an intent to deprive the owner permanently of his property, must reasonably be construed to require the existence of fraudulent intent. See State v. Kelley, 241 La. 224, 128 So.2d 18 (1961).
⅜ * * ⅜5 * *
Nevertheless, we construe the present statute proscribing unauthorized use of a movable as requiring a showing of mens rea or criminal intent, since the ‘evil’ state of mind of the actor normally distinguishes criminal acts (punishable by the state alone) from mere civil wrongs (actionable by private individuals against one another). C.Cr.P. art. 381.
At pp. 652-653.
Here without doubt, there was a civil dispute between Ms. Rodriguez and the defendant. We do not necessarily condone the actions taken by the defendant in keeping the equipment belonging to the limousine service; however, under these circumstances, it does not constitute a violation of LSA R.S. 14:68.
This was a civil matter and should have been handled in a civil proceeding.
Accordingly, the defendant’s conviction and sentence are reversed.
REVERSED.