LOBRANO, Judge.
Defendant, Leon Johnson, was charged by bill of information with co-defendants, Herbert Williams, Melvin Allen and Leroy Crosby with the December 5, 1985 armed robbery of Timothy Lewis and the attempted armed robbery of Glen Bates, violations of La.R.S. 14:64 and La.R.S. 14:27.[1]
Defendant was arraigned on February 3, 1986 and pled not guilty. Defendant was tried on October 28, 1987 and was found guilty as charged on both counts. On February 26, 1988, defendant was sentenced to fifteen (15) years at hard labor on the armed robbery charge and five (5) years at hard labor on the attempted armed robbery charge without benefit of probation, parole or suspension of sentence.[2]
FACTS:
On December 5, 1985, Glen Bates and his brother, Timothy Lewis, were walking through the Iberville Housing Project on their way to a movie. As they turned the corner of one of the buildings they were surrounded by four male subjects all of whom had guns pointed at them. The assailants demanded their money and jewelry. Lewis threw down his wallet which contained about $20.00. Bates was searched but had no money. One of the robbers, later identified as Melvin Allen, slapped Bates on the side of his head with a pistol ordering him to keep his head down. The robbers then instructed Lewis and Bates to run in different directions. Lewis ran to a nearby police station and reported the robbery. Except for the slap to Bates’ head, neither victim was injured.
Several weeks later, Detective Dwight Deal conducted a photo line-up. Three of the robbers were identified namely, Herbert Williams, Melvin Allen and Leroy Crosby. Defendant was not a suspect at that time and thus had not been included in the photo line-up. Pursuant to these identifications, arrest warrants were obtained. Herbert Williams was arrested on December 28, 1985. He immediately implicated defendant who was arrested a short time later.
According to the testimony of Detectives Dwight Deal and Tyrone Martin, both Williams and defendant gave inculpatory statements while being transported to Central Lock-Up admitting their own participation and naming others involved in the robbery. Williams later gave a written statement. Defendant refused to do so.
Defendant appeals his convictions and sentence asserting the following assignments of error:
1) He was denied effective assistance of counsel due to his defense counsel’s joint representation of Herbert Williams which created a conflict of interest;
2) The trial court erred in imposing an unconstitutionally excessive sentence by ordering that the sentences be served consecutively.
ASSIGNMENT OF ERROR 1:
Defendant asserts that he was denied the effective assistance of counsel due to his attorney’s representation of co-defendant, Herbert Williams. He argues specifically that this joint-representation precluded defense counsel from calling Williams to tes *955 tify in order to “more thoroughly” explore how he became aware of defendant’s involvement in the robbery. Defendant also argues that defense counsel was limited in his questioning of defendant, particularly his relationship with Williams, because defense counsel also represented Williams.
The issue of ineffective assistance of counsel is more properly raised in an application for post-conviction relief to be filed initially in the trial court where a full evidentiary hearing can be held. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Petta, 496 So.2d 390 (La.App. 4th Cir.1986). However, where the record on appeal discloses sufficient evidence upon which to make a determination of counsel’s effectiveness, a decision on the issue may be made in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983); State v. Haywood, 516 So.2d 196 (La.App. 4th Cir.1987).
Regarding multiple representation, this court in State v. Taylor, 449 So.2d 649 (La.App. 4th Cir.1984) stated:
“Representation of multiple defendants by one attorney does not violate federal or state constitutional rights to adequate legal assistance unless such representation gives rise to a conflict of interest. State v. Kahey, 436 So.2d 475 (La.1983); State v. Ross, 410 So.2d 1388 (La.1982). The test to be used by the reviewing court to ascertain whether joint representation has led to ineffective assistance of counsel is controlled by the time at which the claim of conflict is made. State v. Edwards, 430 So.2d 60 (La.1983); State v. Marshall, 414 So.2d 684 (La.1982), U.S. cert. den. 459 U.S. 1048, 103 S.Ct. 468, 74 L.Ed.2d 617 (1982).
In Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 LEd.2d 426 (1978), the Supreme Court ruled that, if a defendant makes a pretrial motion to sever and have separate counsel appointed, the trial court is required ‘either to appoint separate counsel or to take adequate steps to ascertain whether the risk [of a conflict of interest] was too remote to warrant separate counsel.’ If a conflict of inter-" est is alleged after trial, a defendant ‘in order to establish a violation of the Sixth Amendment ... must demonstrate that an actual conflict of interest adversely affected his lawyer’s performance.’ Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), cited in State v. Edwards, 430 So.2d 60, 62 (La.1983).” At p. 651.
After review of the record we find there is insufficient evidence to make a determination of this issue on appeal. The record does not show if the trial court was ever made aware that there was indeed a conflict. No motion to withdraw was filed by defense counsel indicating that a conflict existed or that defense counsel perceived that a conflict existed. In addition, defendant has not shown how he would have benefitted from a different strategy. Arguably, defense counsel’s tactics could be construed as a deliberate attempt to “distance” defendant from Williams, thus the reason for not asking questions about their relationship. The mere possibility that a different approach could have produced better results does not establish the deprivation of a constitutional right. See, State v. Kahey, 436 So.2d 475 (La.1983).
In addition, defendant fails to show in what manner the conflict adversely affected his defense. Williams and defendant were tried separately. The jury had the benefit of hearing all of the evidence and testimony, including defendant’s testimony in his own behalf. The conflict cited by defendant is purely speculative at this time with no basis in fact. Since the record before us discloses that neither defendant nor defense counsel ever objected to the joint representation, defendant has failed to make the required showing of “adverse performance” by defense counsel. A definite ruling on the merits of such a claim at this time, however, would be premature. We therefore leave the matter for consideration as part of an application for post-conviction relief which defendant may file in the district court. See, C.Cr.P. Art. 924 et seq.
ASSIGNMENT OF ERROR 2:
Defendant asserts it was error for the trial court to impose consecutive sentences.
*956 Generally, sentences for crimes arising out of a single course of conduct are served concurrently. However, the imposition of consecutive sentences for such crimes is not automatically excessive. State v. Williams, 445 So.2d 1171 (La.1984); State v. Smith, 539 So.2d 993 (La.App. 4th Cir.1989); State v. Parker, 503 So.2d 643 (La.App. 4th Cir.1987).
In Smith, this Court listed the factors to be considered by the sentencing court when imposing consecutive sentences:
“Factors to be considered by the sentencing court when imposing consecutive sentences include those enumerated in LSA-C.Cr.P. Art. 894.1, and whether the defendant poses an unusual risk to the safety of the public. State v. Piazza, 496 So.2d [1229] at 1232 [ (La.App.1986) ] [factors to be considered include the multiplicity of acts, lack of remorse, and the risk to the public]; State v. Parker, 503 So.2d 643 (La.App. 4th Cir.1987) [other factors include defendant’s criminal history, the dangerousness of the offense, the viciousness of the crimes, the harm done to the victim, the potential for defendant’s rehabilitation, and the danger posed by the defendant to the public]; State v. Lighten, 516 So.2d [1266] at 1268 [ (La.App.1987) ]; State v. Tomlin, 478 So.2d [622] at 624 [ (La.App.1985) ]; State v. Piazza, 496 So.2d at 1232. Moreover, Article 894.1 requires that the sentencing court state for the record its considerations and its basis for the sentence.” State v. Smith, supra, at 996.
When a court imposes consecutive sentences for crimes arising out of a single transaction, it must articulate particular justification for such a sentence beyond a mere articulation for the standard sentencing guidelines established in C.Cr.P. Art. 894.1; State v. Messer, 408 So.2d 1354 (La.1982); State v. Smith, supra.
Although there is a “presumption” of concurrent sentences for same transaction crimes, this “presumption” may be rebutted without an abuse of discretion if the sentencing court “expressly directs” the imposition of consecutive sentences and explains the reasons. State v. Gage, 399 So.2d 1174 (La.1981). Code of Criminal Procedure Article 883 “specifically excludes from its scope sentences the court expressly directs are to be served consecutively.” State v. Littleton, 436 So.2d 500 (La.1983). Thus, consecutive sentences for same transaction crimes are not per se excessive if the trial court considers other appropriate factors in imposing the sentence. State v. Ortego, 382 So.2d 921 (La.1980), cert. den. 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980).
While defendant and the State both contend the sentences were ordered to be served consecutively, and the minute entry states such, a close reading of the record shows that this fact is not clearly supported by the sentencing transcript. In sentencing defendant the following colloquy took place between the court and defense counsel:
[[Image here]]
“The defendant and a group of his cohorts prayed like a pack of wolves on some of their own people and I just don’t feel I have anything except as youth to recommend on sentencing. For that reason, I am going to sentence him on the armed robbery to fifteen (15) years in the custody of the Department of Corrections with credit for time served and without benefit of probation, suspension of sentence or parole. I am going to sentence him on the attempted armed robbery to five (5) years in the custody of the Department of Corrections without benefit of probation, parole or suspension of sentence. I ’ll give him credit for time served waiting that particular—I guess that will rim concurrent, the time.
MR. DOLAN: Will that run concurrent, your Honor?
THE COURT: Yes. He has been in jail for both of them for the same amount of time.
I am going to make that sentence consecutive with the armed robbery conviction.” (emphasis added)
From the above colloquy we are unable to conclude whether the sentencing court *957 ordered the sentences to be served consecutively or concurrently or whether he was referring to that portion of the sentence relating to credit for time served.
Assuming arguendo that defendant’s sentences are consecutive, the court noted only one factor, defendant’s youth, in sentencing defendant. No reference was made to a criminal record or even if defendant had one. Although the court gave a brief statement of the crimes charged, no reason was given that would justify the legal requirements for the imposition of consecutive sentences.
The law presumes concurrent sentences unless “expressly directed” to be served consecutively after adequate consideration has been given to those factors justifying consecutive sentences. The record does not clearly support such a finding.
For the reasons assigned above, defendant’s convictions are affirmed. Defendant’s sentence is vacated and the case is remanded for re-sentencing in accordance with this opinion.[3]
CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED.
PLOTKIN, J., dissents with reasons.

. Herbert Williams was tried separately on November 4, 1987 and found guilty as charged. He was sentenced to consecutive sentences of thirty (30) years and fifteen (15) years on counts one and two, respectively. His convictions and sentences were affirmed on appeal. See, State v. Williams, 541 So.2d 401 (La.App. 4th Cir.1989).
Leroy Crosby and Melvin Allen were tried together on May 17, 1988. They were both acquitted.

. Although both defendant and the state assert the sentences were ordered to be served consecutively this is not clearly supported by the sentencing record. This issue is more thoroughly discussed in assignment of error 2.

. An error patent review also shows that the minute entry does not reflect defendant’s presence at the sentencing. Since we are remanding for re-sentencing we presume this error will be cured.