SCHOTT, Chief Judge.
Defendants, Mason and Hughes, were each convicted of two counts of armed robbery in violation of LSA-R.S. 14:64. Hughes was sentenced under the Habitual Offender Law, R.S. 15:529.1, to fifty years at hard labor on each count to run concurrently and Mason was sentenced to thirty-five years on each count to run concurrently.
About 9:30 a.m. on June 25, 1988, El-dridge Thompson was walking through the St. Bernard Housing Project when he was approached by the defendants. Thompson recognized Hughes as someone he had often seen around the neighborhood. Hughes offered to sell Thompson some co *1322 caine, and Thompson refused. Mason put a gun to Thompson’s side and both defendants demanded his possessions. Thompson identified Mason, but not Hughes, in photographic lineups, but in September he identified both defendants from photographs of physical lineups conducted for the other victim, Kevin Smith.
Also on June 25, 1988, Kevin Smith was on business in the St. Bernard Project when he was approached by Mason and Hughes at about 12:30 p.m. Mason had a sawed off shotgun and Hughes had brass knuckles. When they demanded his possessions Smith grabbed the gun, a struggle ensued, and Hughes used the brass knuckles on Smith while rifling his pockets. The gun broke and the defendants fled with Smith’s money. Smith stated that Hughes called Mason “Leaky” during the incident. Four days later Smith identified both defendants from photographic lineups and in September he picked them both out of physical lineups.
Hughes testified he was at his sister’s house in another part of the city when the robbery occurred and his sister supported this alibi. Hughes said he knew several people called “Leaky” including Mason.
By his first assignment of error each defendant claims the trial court erroneously denied his motion for mistrial when the prosecutor tried to elicit from a police officer a reference to other crimes committed by one of the defendants. The disputed testimony is as follows:
Q. Did you also investigate a robbery involving Kevin Smith on June 25th?
A. Yes.
Q. In that investigation did you determine who a suspect was, or who the perpetrators of those armed robberies were?
A. Yes, I did.
Q. And how did you come about that?
A. Through my investigation.
Q. All Right. Did he give you a name, Mr. Smith?
A. Yes.
Q. What name was that?
A. A nickname of “Leaky”
Q. Okay and through your investigation what did you do after that, after he gave you the name?
A. I was able to learn the identity of Leaky, learned that he—
MR. DOLAN:
I object, Your Honor, at this point in time. I’d like this jury out of here for a minute. I think he’s going the wrong way here.
MR. FAMULARO:
Can we approach?
THE COURT:
Just sit down. Ladies and gentlemen, go in the room for a minute.
This testimony is not a reference to another crime and cannot be construed as such without conjecture and speculation. This assignment has no merit.
By their second assignment of error defendants argue they were denied effective assistance of counsel because one attorney represented both of them and could not provide both with a vigorous defense under the special circumstances of the case. Hughes testified and he attempted to establish an alibi. He also stated Mason was sometimes called “Leaky”. Appeal counsel argue that testimony as to Hughes’ alibi implies that Mason was at the scene; and his identification of Mason as “Leaky”, confirming Smith’s testimony that Hughes called Mason “Leaky” during the robbery put pressure on Mason to testify or to rest on his right to remain silent. The argument is that counsel was prevented from providing a completely loyal defense to either client.
In State v. Edwards, 430 So.2d 60 (La.1983) the court reviewed the principles emanating from decisions of the U.S. Supreme Court governing claims of ineffective counsel arising out of joint representation of clients by a single counsel. Where *1323 a defendant raises the issue for the first time after his trial he must demonstrate that an actual conflict of interest adversely affected the lawyer’s performance; the mere disparity of the evidence between the defendants does not establish a conflict; the proper test is whether the defendant can show that an actual conflict adversely affected the lawyer’s performance. The court in Edwards analyzed the trial with respect to the evidence presented, the absence of any antagonistic defenses, and Edwards’ failure to testify in his own behalf, and noted that the possibility that another approach used at trial might have produced better results “is far from making out a deprivation of constitutional right.”
As to the defendant Hughes, this argument clearly has no merit. He testified and he attempted to establish an alibi. In the face of overwhelming evidence of his guilt the jury rejected his evidence. The arguments about Mason being associated with the name “Leaky” have no application to his case.
As to the defendant Mason, the question is whether the issue would be more properly raised on application for post conviction relief where a full evidentia-ry hearing can be held. Where the appellate record discloses sufficient evidence to make a determination of counsel’s effectiveness the decision may be made on appeal in the interest of judicial economy. State v. Johnson, 553 So.2d 953, 955 (La. App. 4th Cir.1989), writ denied 558 So.2d 568. The present record does not. Counsel and Mason may have thoroughly discussed Hughes’ testimony. Mason may have made an informed choice not to testify. Trial strategy may have been discussed among the three and a unanimous choice made to go forward as they did. Evidence of defendants’ guilt was overwhelming. No problem arose until Hughes testified about the name “Leaky”. Whether this produced a true conflict and whether Mason’s interests were compromised can only be determined in an evidentiary hearing on an application for post conviction relief.
In a pro se brief Mason contends that the trial court failed to follow the sentencing guidelines provided by C.Cr.P. art. 894.1. The trial judge said only, “It’s 894.1, A-l, 2 and 3.” This is much the same as what was said in State v. Barbee, 543 So.2d 530 (La.App. 4th Cir.1989). There this court held there was a failure to comply with the cited article and remanded the case for resentencing. The same result is required here.
Accordingly, convictions are affirmed as well as the sentence imposed on defendant, Hughes. As to defendant, Leroy Mason, his sentence is vacated and the case is remanded to the trial court resentencing of Mason.
BOTH CONVICTIONS AND HUGHES SENTENCE AFFIRMED; MASON’S SENTENCE VACATED; CASE REMANDED FOR MASON’S RESENTENCING.