RULE TO SHOW CAUSE
FOURNET, Chief Justice.
Upon the application of relators, John Louis Elie, William Edward Scott and Clifton Styles, who in their motions to quash are attacking the constitutional and statutory validity of the indictment returned against them by the Rapides Parish Grand Jury charging them jointly with the capital offense of murder and their showing that the Honorable Guy E. Humphries, Jr., *770 Judge of the Ninth Judicial District, who was scheduled to preside over the motion to quash, declined to recuse himself in the trial of the motion or submit the matter of his recusation to be heard by a judge of an adjoining district since the motion sought to recuse all of the judges of the Ninth Judicial District, we exercised our supervisory jurisdiction[1] and ordered Judge Humphries to appoint a judge from an adjoining judicial district to try the motion of recusation or show cause to the contrary in this court.
The trial judge failed to follow our directive, declining to appoint a judge from the adjoining district to hear the motion to recuse, and in reply to the order to show cause stated the motion was not filed in good faith and has no basis in law. The judge takes the position, as does the state, that no evidentiary hearing is required in this case, for while it is the mandatory duty of a judge under paragraph (4) of Article 671 to recuse himself or refer the motion for hearing to another judge or a judge ad hoc when he “is a material witness in the cause”, this applies only when “a valid ground for recusation is set forth in the motion” and is limited to his being a witness in the trial on the merits bearing on the guilt or innocence of the accused. And while the judge does not categorically deny the allegations made in the motion, he states that the selection of the general venire in Rapides Parish is the finest method employed anywhere, having been devised to insure selection of jurors from as representative a group as was possible by the district judges of the district, of which he was one, in conjunction with the then District Attorney and Alexandria Bar Association, which included the present defense counsel. Further the judge declared, “The accused sought no evidentiary hearing.”
Counsel for defendant in answering the trial judge’s reply vehemently denied that the motion was not filed in good faith and has no basis in law as well as the judge’s allegation that he was most active and contributed greatly to the final plan devised for the selection of juries in Rapides Parish; and a mere reference to the motion itself discloses that the trial judge was in *772 error in his assertion that the evidentiaryhearing was not sought.[2]
We think the trial judge is also-in error in his allegation that the motion has no basis in law requiring an evidentiary hearing. A resume of-the basic allegations of the motion may be succinctly stated that the district judges of the Ninth Judicial District, and in particular Judge Humphries, have by their actions, conduct, practices and procedures usurped the function and abrogated the duties and responsibilities of the Jury Commission in that, upon the instruction of Judge Humphries, with the concurrence of the other district judges, the Jury Commission used as its exclusive source of. names in construction of the general venire (1) the names of all persons who were utility customers of Central Louisiana Electric Company, City of Alexandria and the Town of Boyce and (2) names appearing on the voter registration roll for Ward Six of Rapides Parish, with cards being prepared stating the names and addresses of persons appearing thereon. All of these cards were placed in a container referred to as “a wheel” from which the Jury Commission would draw a specified number of cards which they then submitted to the district judges, most often Judge Humphries, - for consideration to exclude, for various reasons, some of the names, with those who were not excluded being sent a questionaire. Upon return of the questionaires, one or more of the district judges and others acting -with them determined through a screening process of the questionaires whose name would be approved and then placed in the “wheel”; and it is only from the container of the names thus screened that the Jury Commission selected the general venire from which, ultimately, juries are selected, including the grand jury which indicted defendants.
Clearly, if these allegations are true, and for the purpose of considering the matter before us, they must be accepted as true, it constitutes a serious attack on the legality of the indictment, striking at the very foundation upon which the defendants were charged, i. e., a capital offense, which under the express provisions of the Bill of Rights of the Constitution of 1921 provides *774 “that no person shall be held to answer for capital crime unless on a presentment or indictment hy a grand jury, * * Article 1, Section 9. The constitution makes it the mandatory duty of the legislature to “provide for the election and drawing of competent and intelligent jurors for the trial of civil and criminal cases * * Article 7, Section 41. Pursuant to this constitutional mandate the legislature of 1966 in adopting the Code of Criminal Procedure prescribed the general qualifications of jurors (Article 401), and specified those exempt from jury service. Article 403. The legislature further provided the jury commission of each parish, except Orleans, “shall consist of five 'members, each having the qualifications set .forth in Article 401 * * * ” which in :all parishes of the state, except Orleans, “shall consist of the clerk of court or a •deputy clerk designated by him in writing 'to act in his stead in all matters affecting ■the jury commission, and four other persons appointed by written order of the ■district court, who shall serve at the court’s •pleasure” with each required to take an ■oath to discharge their duties faithfully, :three of whom shall constitute a quorum, and all meetings of the jury commission shall be open to the public. Article 404. The jury commission, except in Orleans, “shall select impartially at least 300 persons having the qualifications to serve as jurors, who shall constitute the general venire” and such list shall be prepared and certified by the clerk of court with the name and address of each person thereon written on a separate slip of paper which shall be placed in a box labeled “General Venire Box”, which box shall be locked and sealed and delivered to the custody of the clerk of court. The jury commission shall meet at least once every six months or when ordered by court, but may meet at any time to select or supplement the general venire. Article 408.
Of necessity the drafters of the constitution, and the people in adopting the same, contemplated in the Bill ■ of Rights that .one charged with a capital offense would be by an indictment returned by a legally constituted grand jury, i. e., one within the prescribed method provided by the legislature as authorized by the constitution. The legislature in adopting a Code of Criminal Procedure recognized this fact by providing that “when improperly drawn, selected or constituted” such is a proper ground for quashing the general venire or the petit jury venire (Article 532, paragraph (9)), which also forms a basis for 'a motion to quash a grand jury indictment. Article 533, paragraph (1).
This brings up for our consideration the crucial issue involved for our determination, i. e., whether Judge Humphries, to whom the motion to quash had been assigned, should recuse himself 'in the trial of the motion under Article 671, Code of *776 Criminal Procedure, since it is alleged in the motion that he “is a material witness in the cause” and that he is “personally interested in the cause.”
On this question it is apt to observe that the State, through the district attorney, joined the defendants in their application (as pointed out in footnote 1), requesting that we exercise our supervisory jurisdiction and grant a writ in order that the question be resolved as expediously as possible since the same issue was involved in over 100 cases and stated further that "the language contained in Article 671 of the Louisiana Code of Criminal Procedure as interpreted in the comments and by the jurisprudence, is not entirely clear.” (Emphasis added.)
The official comments under Article 671 declares that “ground (1) is the most important ground for recusation. It continues the rule that interest in the cause is a ground for recusation, and adds the much needed provision that bias or prejudice shall also be a ground for recusation.” It also declares that ground (6) for the recusation of the trial judge (“Would be unable, for any other reason, to conduct a fair and impartial trial.”) "is a catchall provision to include circumstances which clearly indicate that the judge would not be able to serve fairly and impartially, even though none of the specified grounds for recusation exist.” (Emphasis added.)
The district judge apparently relied strongly upon State v. Kelley, 241 La. 224, 128 So.2d 18, and State v. Riviere, 225 La. 114, 72 So.2d 316, referred to by the official commentators in regard to paragraph (4) of Article 671[3] dealing with recusation of judges to support the position taken by him that the motion has no legal basis.
The commentators who prepared the official comments were obviously influenced by the language used in these two cases, but failed to take into consideration that the above mentioned decisions were decided by this court prior to the adoption of the Code of Criminal Procedure of 1966 and while the cases did include the language relied upon by the commentators, as reported in footnote 3, an analysis of the cases will readily disclose that the very limit therein relied upon was not necessary for a decision in either of those *778 cases. In the Riviere case, although it was stated in the motion to recuse the trial judge that he would be called as a witness in the hearing of the motion, the matter was disposed of for the reason that the basic allegation for the recusal of the trial judge to whom the case was allotted was on the theory that the judge, being a member of the white race, having attended a meeting of the colored race to accept an honor in the form of a citation from the National Association for the Advancement of Colored People, which was held not a proper cause for recusation. In the Kelley case, following the filing of a motion to recuse, the judge to whom the case had been assigned for trial refused to voluntarily recuse himself, but did refer the matter to a judge of an adjoining district, who after an evidentiary hearing, overruled the motion to recuse observing that the evidence offered “ * * * goes to the merits of the controversy and would touch on the guilt or innocence rather than on the motion to recuse.” Thus, it may be seen that the issue posed in the instant case was not presented in the Kelley case, but rather that the judge should have recused himself because he would be a material witness touching on the guilt or innocence of the defendant on the trial of his case.
In the case of State v. Eubanks, 232 La. 289, 94 So.2d 262, relied upon by the State, when properly analyzed clearly shows that it does not support the State’s position. In fact, we think it was a study of that case which prompted the district attorney to state that “language contained in Article 671 of the Louisiana Code of Criminal Procedure as interpreted in the comments and by the jurisprudence, is not entirely clear.” In that case the district judge to whom the case was allotted was not trying a motion to recuse, as in the case at bar, but a motion to quash based upon the allegation that there was a systematic exclusion of Negroes from the grand jury and the trial judge, when called to testify as to his method of selection of grand juries, declined to testify. In upholding the trial judge’s ruling this court observed, “ * * * He could not act both as judge and as a witness.” This we think, as hereinafter shown, eloquently speaks for the position of the defendant when resolving the issue posed for our determination.
We think the observation of this court in the case of State ex rel. Martin v. Judge of the Twenty-Ninth Judicial District, 152 La. 768, 94 So. 389, wherein the court rej ected the contention that the preliminary examination, not being a criminal prosecution, was not subject to a motion for recusation, succinctly expresses our view of the meaning of “cause” as used as ground for recusal of a trial judge in the trial of criminal cases — “ * * * It is a proceeding in which the liberty of the accused depends, and he may be discharged, granted *780 bail, or committed without bail according to the nature of the charge and depending upon the decision of the Judge or Magistrate after hearing the evidence in the particular case. The Judge is called upon, therefore, to exercise his judicial powers and discretion by virtue of his office, in a manner which may effect seriously the rights of the accused.” (Emphasis added.)
As pointed out hereinabove, the trial judge did not categorically deny the allegations of the motion to quash, but did express a very high opinion of the method "that was devised for the selection of juries, in which he participated. The trial judge should have submitted the motion for his recusation to a judge of an adjoining district, as was done in the Kelley case. The very logic expressed hereinabove in the case of State ex rel. Martin v. Judge of the Twenty-Ninth Judicial District applies in the instant matter for “the Judge is called upon, * * *, to exercise’his judicial powers and discretion by virtue of his office, in a manner which may" affect seriously the rights of the accused.” Considering the fact that the basic allegations of the motion to recuse and the motion to quash are identical, it is obvious that the evidentiary hearing in the cause is a proceeding “in which the liberty of the accused depends, and he may be discharged * * * depending upon the decision of the judge or magistrate after hearing the evidence” in the particular cause.
For the reasons assigned the ruling of the trial judge refusing to submit the motion to recuse the Judges of the Ninth Judicial District Court for hearing-is overruled and it is now ordered, adjudged, and decreed that the Honorable Guy E. Humphries, Jr., Judge of the Ninth Judicial District, appoint a judge from an adjoining -district to try the motion to recuse.

. In response to defendants’ application for writs the State, through the district attorney, stated while it was felt that the ruling of the judge was proper, this same matter has been filed in over one hundred cases pending as a result of indictments returned by the same grand jury and inasmuch as “the language contained in Article 671 of the Louisiana Code of Criminal Procedure as interpreted in the comments and by the jurisprudence, is not entirely clear” submitted that “it is to the best interest of both the State and the defendant and to the ends of justice, that the application for writs be granted in order that this issue may be immediately resolved”, pointing out it would eliminate possible reversal after a lengthy trial in this and numerous cases and prevent tremendous expense and unnecessary delay.

. Defendant prayed : “ * * * 2. After due hearing, contradictorily -with the Distinct Attorney legally authorized to represent the State of Louisiana herein, this Motion to Recuse Judge Guy E. Humphries, Jr., Judge A: M. D’Angelo and Judge Field V. Gremillion, Judges of the Ninth Judicial District Court, be granted :
“3. In default of the granting of this Motion to Reucse by the said Judges of the Ninth Judicial District Court, that a district judge of an adjoining district be appointed to try this Motion to Recuse; that after a contradictory hearing with the District Attorney, the Motion to Recuse Judge Guy E. Humphries, Jr., Judge A. M. D’Angelo and Judge Field V. Gremillion, Judges of the Ninth Judicial District Court be granted: * *

. The commentators stated, “Construing Art. 303 of the 1928 Code of Criminal Procedure, the Louisiana Supreme Court stated that it ‘contemplates and refers to the judge’s being a material witness in the actual trial of the criminal cause and before the court — not a witness at a hearing to determine whether he should be recused.’ State v. Riviere, * * *. In State v. Kelley, * * *, the court stated that the testimony of the judge must relate to the defendant’s guilt or innocence. Under this logical interpretation of the phrase ‘material witness,’ the judge would not be recused if he had been called to testify to some matter relating to something other than the guilt or innocence.”