WILLIAM A. CULPEPPER, Judge Pro Tem.
This matter is before the court on a writ of review from the Thirtieth Judicial District Court. The defendant, Roy Bennett, was charged with aggravated burglary, a violation of LSA-R.S. 14:60, attempted aggravated arson, a violation of LSA-R.S. 14:27 and LSA-R.S. 14:51, and conspiracy to commit aggravated arson, a violation of LSA-R.S. 14:26 and LSA-R.S. 14:51. Prior to trial, the defendant sought to have Judge Ted Broyles recused on the bases that he was a material witness in the cause and that his court reporter’s son was a witness in the case. The motion to recuse was heard by Judge Roy Tuck and denied. The defendant then applied for a writ of review to have this court determine the correctness of the trial court’s denial of the motion. We granted the writ and called the case up for briefing and argument.
FACTS
The defendant was indicted by a grand jury for the commission of the above stated crimes involving the residence of Dale Behan. Also charged in connection with these crimes was Huey P. Long. Mr. Long was arrested and charged with aggravated burglary and attempt to commit aggravated arson prior to the defendant’s indictment on those charges and the conspiracy charge. Subsequent to his arrest, Mr. Long entered into a plea bargain agreement with the State whereby he agreed to provide information concerning the crimes and testify for the State in conjunction with any other prosecutions in return for a reduced charge and a lesser sentence. Judge Broyles presided over the plea hearing. He conducted the Boykinization of Mr. Long and accepted his plea of guilty with the terms and conditions expressed and agreed upon by the State and Mr. Long. The defendant was thereafter indicted. The defendant subpoenaed Judge Broyles and filed the motion to have him recused as a material witness in the cause.
MOTION TO RECUSE
The defendant argues that Judge Tuck erroneously relied on State v. Kelley, 241 La. 224, 128 So.2d 18 (1961) in making the determination that Judge Broyles was not a material witness in the case. Defendant asserts that the authority of Kelley was clearly rejected in State v. Elie, 232 So.2d 507 (La.1970). In Kelley, the defendant sought to recuse the district court judge on the ground that he was a material witness and would be called to testify on defendant’s behalf. The charges against the defendant were malfeasance in office which involved the unauthorized use of public funds. The testimony of the judge concerned a request made to the judge by the defendant that the judge consider and approve withdrawals of funds that were out of the ordinary and not in keeping with routine procedures of the sheriff’s office. The judge declined to approve the vouchers because he might ultimately be called upon to preside in criminal prosecutions based on evidence obtained through investigations funded by those withdrawals. The judge who heard the motion to recuse decided that the judge in question was not a material witness and overruled the motion. The Supreme Court held that the conference between the judge and the defendant was evidence material to the defense of the accused, as it would indicate a course of action pursued in good faith in the conduct of the affairs of the sheriffs office; the facts could be incontrovertibly established only through the testimony of the judge; and if deprived of the testimony, the defendant himself would be forced to take the stand.
In Elie, the defendants attacked the constitutional and statutory validity of the indictments returned against them by the grand jury based upon the system of selecting the general venire in Rapides Parish. The defendants sought to quash the indictments and recuse all of the Ninth *1097 Judicial District Court judges based upon their actions, conduct, practices and procedures involving the selection of the general venire from which juries are ultimately selected, including the grand jury which indicted defendants. The trial judge failed to appoint a judge from an adjoining district to hear the motion to recuse the trial judge from the trial on the motion to quash the indictments. The issue presented to the court on review was whether the trial judge should recuse himself from the trial of the motion to quash under C.Cr.P. art. 671 since it was alleged in the motion that he was a material witness in the cause and that he was personally interested in the case. The trial judge declined to recuse himself or to appoint a judge from an adjoining district based on his belief that being a material witness in the case was limited to his being a witness in the trial on the merits bearing on the guilt or innocence of the accused, relying on the Kelley case and State v. Riviere, 225 La. 114, 72 So.2d 316 (1954). The Supreme Court held that evidentiary hearings on motions to recuse based on grounds in art. 671(4) were not limited to trial on the merits, rather the cause in paragraph 4 was any proceeding “in which the liberty of the accused depends, and he may be discharged ... depending upon the decision of the judge or the magistrate after hearing the evidence” in the cause. State v. Elie, 232 So.2d at 511.
The court held that the trial judge should have submitted the motion for his recusation to a judge of an adjoining district, as was done in the Kelley case, and ordered that another judge be appointed to try the motion to recuse. In the per curiam on application for rehearing, the court stated that the matter was not decided on the basis that the judge was a material witness in the cause, rather the court’s opinion was based on a combination of allegations and a totality of circumstances which it found to require an evidentiary hearing before another judge to pass upon the motion to recuse. 232 So.2d at page 511.
Our understanding of the Elie case is that evidentiary hearings are not limited to motions which involve an assertion that the trial judge is a material witness in the trial on the merits, rather they are required when it is alleged that he is a material witness in any proceeding which involves the liberty of an accused. The Supreme Court held only that an evidentiary hearing was necessary. It did not hold that the trial judge was a material witness in the cause. See the per curiam denial of the application for a rehearing in Elie, supra. In the present case the issue is not whether an evidentiary hearing is necessary. Such a hearing has already been held. The issue here is whether the trial judge must be recused because he will be a material witness in the trial on the merits.
The thrust of the defendant’s argument is that the plea bargain agreement between the State’s chief witness, Huey Long, and the prosecution will affect the credibility of that witness; that defendant is therefore entitled to attack Mr. Long’s credibility by exposing the plea bargain agreement at trial; that since Judge Broyles presided over the guilty plea hearing, accepted the agreement between the State and Mr. Long, and agreed himself to be bound by it, Judge Broyles is a material witness and will be called to testify about the plea bargain.
The plea agreement entered into between Judge Broyles, the assistant district attorney and Huey P. Long imposes a limit on the judge’s power to sentence Long, if Long fulfills the obligations under the agreement. Long’s obligations under the agreement will be fulfilled by his testimony at defendant’s trial. Long will not be sentenced until after the trial. Therefore the control which Judge Broyles has over Long’s testimony has a direct bearing on Judge Broyles’ ability to conduct a fair and impartial trial.
LSA-C.Cr.P. art. 671(6) states:
“Art. 671. Grounds for recusation of judge
“In a criminal case a judge of any court, trial or appellate, shall be recused when he:
[[Image here]]
*1098 “(6) Would be unable, for any other reason, to conduct a fair and impartial trial.”
Moreover, since Judge Broyles is scheduled to testify as a witness as to the details of the plea agreement, which is material to the issue of the credibility of Long’s testimony against defendant, someone will have to fulfill the role of ruling on the questions which are propounded to Judge Broyles. It would not be feasible for Judge Broyles to sit in the witness’s chair and the judge’s chair at the same time. See State v. Eubanks, 232 La. 289, 94 So.2d 262 (1957), cert. granted, 355 U.S. 812, 78 S.Ct. 68, 2 L.Ed.2d 30 (1957), reversed on other grounds, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991 (1958). This also affects Judge Broyles’ ability to conduct a fair and impartial trial. Therefore we find that, under the particular facts of this case, Judge Broyles must be recused under LSA-C.Cr.P. art. 671(6).
CONCLUSION
Accordingly, for the reasons assigned above, Judge Broyles is recused as judge in defendant’s trial.
REVERSED.