595 So.2d 1149 (1992)
STATE of Louisiana
v.
John Francis WILLE
No. 87-KA-1309.
Supreme Court of Louisiana.
March 2, 1992.
Rehearing Denied April 9, 1992.
*1150 Richard Phillip Ieyoub, Atty. Gen., John M. Crum, Jr., Dist. Atty. and George Ann Hayne Graugnard, Asst. Dist. Atty., for appellee.
Robert M. Becnel and Barry J. Landry, LaPlace, for appellant.

ON REHEARING APPLICATION
HALL, Justice.
Defendant, John Francis Wille, was convicted of first degree murder and sentenced to death. On direct appeal to this court, the conviction and sentence were conditionally affirmed. State v. Wille, 559 So.2d 1321 (La.1990). The case was remanded to district court for an evidentiary hearing on defendant's claim of ineffective counsel due to his attorney's alleged conflict of interest, reserving to defendant the right to appeal from an adverse ruling.
After an evidentiary hearing, the district court found defendant's claim without merit. Defendant appealed. Agreeing with the district court that defendant has failed to establish his claim of ineffective assistance of counsel, we now unconditionally affirm the conviction and sentence.
Defendant specifies two assignments of error:
(1) The trial judge erroneously failed to find that defendant was denied the effective assistance of counsel when the court appointed as his attorney a recently convicted federal felon whose probationary sentence was to be served by the performance of pro bono legal work and;
(2) The trial judge improperly presided at a hearing in which he was a witness.

ASSIGNMENT NO. 1:
Defendant's contentions were articulated in this court's opinion on the original appeal as follows:
Defendant contends that he was denied effective assistance of counsel because of an actual conflict of interest that existed between him and his trial attorney. Defendant argues this conflict was known to counsel and the trial court, but was not revealed to him.

*1151 Referring to documents attached to his brief in this court, defendant argues that his trial counsel, a former state senator, pleaded guilty on November 21, 1984 to the federal felony charge of submitting a false statement to an agency of the United States; that the indictment, guilty plea, and sentence received substantial media coverage, particularly in St. John the Baptist Parish where the attorney resided and the trial was held; that the attorney received a three-year suspended sentence, one of the conditions of probation being performance of 416 hours of community service; that the attorney's appointment to represent defendant was in partial fulfillment of the condition of probation; and that neither his attorney nor the trial court ever advised him of these facts.
Defendant contends there was an actual conflict between his interest in an impartial jury and his attorney's interest in not publicizing the fact of his felony conviction. Defendant's position is that only conflict-free counsel could have properly questioned the jurors on voir dire whether their attitude toward defendant would be affected by their knowledge that the person who had confessed to the murder was being represented by a convicted felon who was appointed by the court as part of his obligation to perform community service. Suggesting that his attorney may have failed to pose these questions on voir dire because of personal embarrassment, defendant asserts that this unrevealed conflict prevented his trial attorney from being dedicated solely to his client's interest and from rendering effective assistance of counsel, especially during the critical stage of jury selection. Citing Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), defendant argues that the basic evil in conflict of interest situations lies in "what the advocate finds himself compelled to refrain from doing". Id. at 490-91, 98 S.Ct. at 1181-82. Defendant further argues that the failure of the court or his attorney to reveal this conflict deprived him of the right to object to this appointment or to choose to represent himself.
Noting that claims of ineffective assistance of counsel are usually referred to post-conviction proceedings, the court nevertheless found that the claim warranted an evidentiary hearing while the case is still in the state system and before affirmation of the conviction and death sentence. The case was remanded for an evidentiary hearing on the narrow issue of ineffective counsel due to conflict of interest[1], reserving to the trial judge the power to grant a new trial if warranted, and reserving to the defendant the right to appeal an adverse ruling.
After conducting the hearing, the trial court ruled that neither the prior record or the evidence presented at the hearing on remand show any actual conflict of interest which adversely affected counsel's performance in defense of his client. The court concluded that counsel's feelings about his own conviction played no part in his conduct of defendant's trial. There was no conscious feeling of self-interest which prevented him from questioning prospective jurors. Even if there was some subconscious motivation, this had no bearing on the selection or impartiality of the jury. Further, the mere failure of counsel to inform the defendant of his own unrelated prior legal difficulties did not render counsel's performance ineffective or otherwise legally deficient.
The record and evidence on remand disclose the following facts pertinent to the issue at hand.
Defendant's appointed counsel, George Oubre, pled guilty in November 1984 to a federal felony charge of conspiracy to defraud an agency of the United States. His indictment, guilty plea, and sentence received substantial publicity, particularly in St. John the Baptist Parish where he resided, and where defendant's trial took place some two years later. Oubre received a *1152 three-year suspended sentence, with probation conditioned upon performing 416 hours of community service. His community service obligation was performed by representing indigent defendants in criminal cases in St. John the Baptist Parish.
The district judge advised Oubre that he was going to appoint him to represent defendant in this murder case to complete the approximately 40 hours of community service remaining on his obligation. Oubre did not want to accept the appointment, but the judge insisted. The judge testified he thought Oubre was as well qualified as any lawyer in the parish to defend this capital case, based on Oubre's experience in the law, his prior service as an assistant district attorney, and other factors.
The defendant had requested that Daniel Becnel and Robert Becnel, whom he knew, be appointed as defense counsel. The judge declined this request, but did appoint Robert Becnel as co-counsel. Becnel served as co-counsel during the trial and presently represents the defendant on appeal.
Oubre testified he was "pretty sure" he never told defendant or his family about his federal conviction or that his appointment was related to his community service obligation. He was ashamed of it and did not want to talk about it. He did not disclose his conviction to the jury. Oubre testified that it never entered his mind that there was a possible conflict of interest, but that although he did not realize it at the time, he sees the conflict as he looks back. He was not conscious of suppressing any information about his conviction, but that may have been what he was doing. He should have asked the prospective jurors about their knowledge and attitude toward him because if they had something against him it would hurt the defendant. Oubre testified he became very close to the defendant, and did his best for him.
Defendant's father testified that Oubre did not tell him about his conviction, but that he knew about it. He testified with certainty that he discussed Oubre's conviction with his son, the defendant, both prior to and after trial.
The defendant testified that Oubre never informed him that he had been convicted of a felony, or that he was representing defendant as part of his probationary sentence. He did not learn of the attorney's conviction until after his trial and his case was on appeal. If he had known about the attorney's conviction, he would have objected to the appointment.
The judge who presided over the trial was called as a witness by the defense. He testified about Oubre representing indigent defendants as part of his community service. He appointed Oubre to this case because of his experience with the law, his experience as an assistant district attorney for several years, the fact that he had more court experience than most lawyers in the parish and was better qualified than anyone else, and also to complete his community service obligation. The judge testified that no issue was raised and there were no discussions about a conflict of interest either before, during, or after trial. He confirmed that Oubre did not make his felony conviction known to the jury.
On appeal after the ruling on remand, defendant reasserts the contentions urged on original appeal as discussed above. He contends that the attorney's federal conviction and his self-interest in avoiding embarrassment and mention of the conviction created a conflict of interest and prevented him from effectively representing his client's interest. Defendant particularly emphasizes the attorney's failure to question potential jurors on voir dire as to their knowledge of his conviction and possible bias by reason thereof. Defendant also urges that the failure of the attorney to disclose his prior conviction to the defendant deprived defendant of his right to object to the attorney's appointment as defense counsel or to choose to represent himself.
The relationship between conflicting interests and effective assistance of counsel has been thoroughly examined by the United States Supreme Court and by this court. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, *1153 64 L.Ed.2d 333 (1980); State v. Marshall, 414 So.2d 684 (La.1982); State v. Edwards, 430 So.2d 60 (La.1983); State v. Carmouche, 508 So.2d 792 (La.1987).
In Holloway, a defendant raised the issue of ineffective counsel due to a conflict of interest prior to trial. The court held that in this instance, a trial judge is required "either to appoint separate counsel or to take adequate steps to ascertain whether the risk of a conflict of interest was too remote to warrant separate counsel." In Sullivan, however, the defendant did not raise the issue of conflict of interest until after his trial. In this situation, the court held that "[i]n order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance."
This court has held that the time at which the conflict of interest issue is raised is determinative of whether the Holloway or Sullivan standard is to be applied. State v. Marshall, 414 So.2d at 687; State v. Edwards, 430 So.2d at 62; State v. Carmouche, 508 So.2d at 805.
If the conflict is raised before trial, the Holloway standard applies. If raised after trial, the Sullivan standard applies. If the trial court is alerted during trial that an actual conflict of interest exists, the judge must take steps to investigate the nature of the conflict and to form an appropriate remedy.
In State v. Kahey, 436 So.2d 475 (La. 1983), this court accepted the definition of an actual conflict of interest set out in Zuck v. Alabama, 588 F.2d 436, 439 (5th Cir.1979), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979):
If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interest of the other client and the defendant is sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client.
Although most conflict of interest cases involve representation of multiple defendants, a conflict of interest may arise between a single defendant and his attorney. United States v. Mouzin, 785 F.2d 682 (9th Cir.1986); United States v. White, 706 F.2d 506 (5th Cir.1983); United States v. DeFalco, 644 F.2d 132 (3rd Cir.1980).
Applying the foregoing precepts to the facts of this case, we determine first that because defendant did not raise the question of conflict of interest until after his trial, the Sullivan standard applies. Contrary to defendant's contention, the court was not alerted to the issue either before or during trial. Defendant must, therefore, demonstrate that an actual conflict of interest adversely affected his lawyer's performance.
Next, we conclude that defendant has failed to establish either an actual conflict of interest or that the alleged conflict adversely affected his lawyer's performance.
Throughout the trial, no one connected with the trial perceived any conflict of interest between Oubre's self-interest and his client's interest. There was no conscious effort by Oubre to protect himself to his client's detriment. He had no duty or perceived duty to himself adverse to the interests of the defendant. Oubre's post-trial and post-appeal hindsight reflections on what he should have done and what might have been subconsciously motivating him during voir dire, although certainly made in good faith, have little relevance to a consideration of whether an actual conflict of interest existed during trial. The record of voir dire and the testimony at the hearing on remand clearly demonstrate that Oubre was exerting his best efforts, unfettered by self-interest, in selecting the jury. Any conflict of interest between the attorney and his client is highly speculative at best.
Even if it be assumed that there was some conflict of interest, no prejudice to the defendant is shown. Oubre conducted an extensive voir dire examination of over ninety prospective jurors. Each jury panel member was asked if he or she knew Oubre and the other attorneys involved. Only a few stated they knew Oubre, and *1154 only one of those who did served on the jury; the others were dismissed. The juror who served, Lionel Bailey, indicated he merely recognized Oubre by sight. Though asked, none of the other jurors who served indicated any knowledge of Oubre. Specifically, none indicated any special knowledge of Oubre's practice or his criminal involvement two years previously.
It is also highly speculative to presume that knowledge of Oubre's conviction by a juror would have carried with it any bias against the defendant, or that there was in fact any such knowledge or bias on the part of any juror. Further, in light of the juror's negative answers to their knowledge of Oubre, it would have been dubious trial strategy to inform the jury of, and thereby emphasize, Oubre's prior felony conviction.
The cases cited by defendant support the proposition that there may be a conflict between an attorney's self-interest and the client's interest, but are distinguishable and do not otherwise support defendant's position. In United States v. White, supra, the defendant was charged with escape and his attorneys were under investigation for complicity in the escape. "This was not a case involving only farfetched or highly theoretical potential for conflict, but one where it might have been anticipated that [the attorneys'] conduct of the defense would have prejudiced the defendant in several ways." 706 F.2d at p. 509. The court found there was a genuine conflict in that the attorneys might have conducted the defense with the primary motivation of distancing themselves from the defendant and the events surrounding the escape. In the instant case, the attorney had no such immediate, direct self-interest to serve.
In United States v. DeFalco, supra, defendant's appellate attorney was being prosecuted in the same court in which defendant was tried and by the same United States Attorney's Office prosecuting his client. The court found an actual conflict between the attorney's self-interest in plea bargaining his own charges with the government and representing the defendant against the same prosecutor. No such actual conflict existed in the present case as the attorney had no such on-going legal proceedings in the same forum.
United States v. Mouzin, supra, found no conflict of interest where the attorney was disbarred by the Circuit Court of Appeals while his client's trial was taking place and the attorney did not inform his client of his disbarment. The court held that a defendant must point to specific conduct which prejudiced him in order to successfully raise a constitutional claim of ineffective assistance of counsel, and concluded that defendant failed to show an actual conflict which adversely affected counsel's performance. Such is the case at bar. The alleged conflict is wholly speculative.
There was no actual conflict of interest that adversely affected the attorney's performance in defense of his client.
Defendant's assertion that he was deprived of the opportunity to object to Oubre's appointment or the opportunity to represent himself is also without merit. Given the remote and speculative relationship between the attorney's conviction and defendant's right to effective representation and trial before an unbiased jury, there was no duty on the part of the judge or counsel to inform the defendant of this incident in the attorney's background. The fact of the attorney's conviction two years previously did not, per se, render the attorney incompetent or incapable of providing effective representation. An indigent defendant is entitled to the appointment of competent counsel, but is not entitled to choose or to decline a particular attorney. State v. Kirkpatrick, 443 So.2d 546 (La. 1983).
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2:
The evidentiary hearing on remand was presided over by Judge G. Walton Caire, the judge who presided at defendant's trial. The judge was subpoenaed and called as a witness by the defendant, and testified concerning his knowledge surrounding his appointment of George Oubre as defendant's *1155 attorney. Defendant now complains that the judge's conduct in testifying in a hearing over which he presided contravened LSA-C.E. Art. 605 and LSA-C.Cr.P. Art. 671, and that the matter should be remanded for another hearing before a different judge. We conclude that although it was error for the judge to testify at the evidentiary hearing over which he presided, there was no prejudice to the defendant in this instance and the error was harmless beyond a reasonable doubt.
LSA-C.E. Art. 605 provides:
The judge presiding at the trial may not testify in that trial as a witness. No objection need be made to preserve the point.
The Comment following Article 605 reads:
This Article follows Federal Rule of Evidence 605 and is intended to clarify Louisiana law. The Article is designed to operate in conjunction with the provisions on recusation, Articles 671-674 of the Code of Criminal Procedure and Articles 151 and 4861 of the Code of Civil Procedure.
LSA-C.Cr.P. Art. 671 provides in pertinent part:
A. In a criminal case a judge of any court, trial or appellate, shall be recused when he: ...
(4) Is a witness in the cause; ...
Prior to the adoption of the Louisiana Code of Evidence by Act 515 of 1988, the law in Louisiana concerning judges serving as witnesses was not clear. There was no statutory provision comparable to LSA-C.E. Art. 605. LSA-R.S. 15:274, which provided for the administration of the oath in a case where the judge was a material witness implied that a judge could be a witness in a case over which he was presiding. LSA-C.Cr.P. Art. 671 provided for recusation of a judge where he is a "material witness" in the cause. In State v. Eubanks, 232 La. 289, 94 So.2d 262 (1957), reversed 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991 (1958), the court stated that a judge "could not act both as a judge and as a witness." See G. Pugh, Evidence, 18 La.L.Rev. 139, 142. State v. Tyler, 342 So.2d 574 (La.1977) seems to hold that recusation under LSA-C.Cr.P. Art. 671 is required only when the judge is a material witness in the actual trial and where the judge's testimony relates to defendant's guilt or innocence. See also State v. Kelley, 241 La. 224, 128 So.2d 18 (1961) and State v. Riviere, 225 La. 114, 72 So.2d 316 (1954). State v. Elie, 255 La. 767, 232 So.2d 507 (1970), however, applied the recusation article to a hearing on a motion to quash, holding the "cause" in which the judge is a witness refers to any proceeding in which the liberty of the accused depends upon the decision of the judge after hearing the evidence. Cited in Elie was State ex rel Martin v. Judge, 152 La. 768, 94 So. 389 (1922), which applied the recusation article to a preliminary examination.
LSA-C.E. Art. 605 follows Federal Rule of Evidence 605. The federal rule adopted a broad rule of incompetency, rather than such alternatives as incompetency only to material matters, leaving the matter to the discretion of the judge, or recognizing no incompetency. See Advisory Committee's Note to Federal Rule 605.
Consistent with the strict standard of LSA-C.E. Art. 605, Act 515 of 1988, which enacted the Code of Evidence, also amended LSA-C.Cr.P. Art. 671 to change "material witness" to simply "witness," clearly indicating that a judge should be recused in any proceeding where he is to be a witness, regardless of the nature and materiality of his testimony. Act 515 of 1988 also repealed LSA-R.S. 15:274, negating the implication that a judge can be a witness in a case over which he is presiding.
Some commentators have indicated that the provisions of Federal Rule 605 apply only to "trial" and may not apply to other proceedings such as post-conviction matters. See 3 J. Weinstein & M. Berger, Weinstein's Evidence, § 605[01] (1991); D. Louisell & C. Mueller, Federal Evidence, Volume 3, §§ 277 & 280 (1979). See also G. Pugh, R. Force, G. Rault & K. Triche, Handbook on Louisiana Evidence Law 264, 265 Authors' Notes to Art. 605 (1991). As noted by the commentators, federal cases recognize that since post-sentence *1156 matters are statutorily required to be heard by the sentencing judge, Rule 605 does not preclude a judge from considering and bringing to bear his knowledge of the facts that occurred before him in the previous proceedings. But we find no federal cases which hold that a judge may take the stand and testify as a witness in post-conviction/sentence proceedings. We also note that the federal statute providing for disqualification of judges retains the "material" witness standard, which has been eliminated from the Louisiana statute.
Thus, reading LSA-C.E. Art. 605 and LSA-C.Cr.P. Art. 671 in conjunction with each other, we conclude that a judge is disqualified as a witness in any trial over which he presides, including any evidentiary hearing at which the defendant's liberty is at stake, such as the evidentiary hearing conducted in this case on the issue of ineffective assistance of counsel. Further, if a judge is to take the stand as a witness, regardless of the nature or materiality of his testimony, he should be recused from presiding at the trial or hearing. Testimony of a judge as to formalities or matters not in dispute can be stipulated, or any objection can be waived by the parties. Any problems that might arise from a party calling a judge to testify in order to force a recusal can be dealt with by the judge as they arise, and are not without solution.
It was error in this case either for the judge to testify or for failing to recuse himself if he testified. However, not every error requires reversal or a remand. It is only those errors which deprive a defendant of his substantial right or result in prejudice that require reversal. LSA-C.Cr.P. Art. 921; State v. Pool, 361 So.2d 1202 (La.1978); State v. O'Blanc, 346 So.2d 686 (La.1977). Not every violation of a statutory right must result in the reversal of a conviction. State v. Ardoin, 340 So.2d 1362, 1365 (La.1976). In State v. White, 404 So.2d 1202 (La.1981), we held:
Just as non-prejudicial violations of the accused's statutory rights do not mandate reversal, an error in procedure which does not affect the fundamental fairness of the process does not necessarily require reversal and remand, unless prejudice is shown. C.Cr.P. Art. 921. In fact, C.Cr.P. Art. 921 mandates that this court not reverse a judgment because of an "error, defect, irregularity or variance which does not affect substantial rights of the accused."
In this instance, no specific prejudice is shown or even articulated in brief on behalf of the defendant. The narrow scope of the evidentiary hearing was to determine whether an actual conflict of interest existed between defendant and his attorney which affected the attorney's performance. It was the defendant who called the judge as a witness. No motion to recuse was filed by the defendant. Arguably, by these actions the defendant waived any objection to the procedure followed. However, in light of LSA-C.E. Art. 605's provision that no objection is needed, and recognizing that counsel can be placed in an awkward position when needing a judge's testimony and at the same time having to move to recuse the judge, we prefer not to rest decision in this case on any premise of waiver.
The testimony of the judge in regard to the circumstances of the appointment of Oubre as defense counsel was elicited by the defendant and supported his contentions. The testimony supported defendant's factual assertions that Oubre was appointed as part of his community service obligation, that neither the judge or Oubre recognized any conflict of interest at the time, and that the judge did not advise the defendant of Oubre's prior conviction or of any conflict of interest. The judge's testimony was merely corroborative of the testimony of other witnesses, including Oubre and defendant. There is no indication that the judge's testimony pitted the judge adversely to the defendant so as to bear on his decision in the matter before the court. There was no prejudice to the defendant and this error was harmless beyond a reasonable doubt.
This assignment of error is without merit.

*1157 DECREE:
Having previously determined all of defendant's other assignments of error are without merit and having concluded his assignment claiming ineffective assistance of counsel by reason of a conflict of interest is without merit, we unconditionally affirm the defendant's conviction and sentence. This judgment shall not serve as a condition precedent to execution as provided by LSA-R.S. 15:567 until:
(a) defendant fails to petition the United States Supreme Court timely for certiorari;
(b) that court denies his petition for certiorari;
(c) having filed for and been denied certiorari, defendant fails to petition the United States Supreme Court timely under their prevailing rules for rehearing of denial of certiorari, or
(d) that court denies his application for rehearing.
CONVICTION AND SENTENCE AFFIRMED.
COLE, J., joins in the opinion and concurs additionally, with reasons.
COLE, Justice, concurring additionally:
The procedure heretofore employed by the court in this case, when considered in light of the acknowledgement there are remaining claims of ineffective assistance of counsel on other grounds, sure to be raised in a post-conviction application, serves to focus on the most notable absurdity in our criminal justice system, unnecessary permissive delays sanctioned by courts which do nothing but hamper the administration of justice. The futility of the evidentiary hearing now reviewed was noted in dissents to our original opinion. Hopefully, this court in the future will seek to expedite judgmental finality rather than foster needless delays adverse to societal interests.

ON DENIAL OF REHEARING
DENNIS, Justice, concurring in the denial of rehearing.
I do not agree that a judge testifying in a matter as a witness if properly objected to or falling within the explicit provisions of Code of Evidence article 605 constitutes harmless error. However, Louisiana Code of Evidence article 605 applies by its explicit terms to the judge testifying "in that trial." Article 605 does not apply to pre-trial and post-trial hearings. The omnibus recusation provision, La.C.Cr.P. art. 671, which applies in this case, requires that a motion to recuse be brought when it becomes apparent that the judge may be a witness in the cause; otherwise, a party is required to make a contemporaneous objection when the judge is called. Defendant failed to move to recuse or object in a timely fashion. Accordingly, the court reached the correct result on original hearing.
For these reasons, I respectfully concur in the denial of rehearing.
NOTES
[1] Claims of ineffective assistance of counsel on other grounds were specifically reserved for post-conviction relief by defendant in his original appeal to this court, and are not within the scope of the remand order or present consideration by this court.