IzGOTHARD, Judge.
On October 22, 1992, the Jefferson Parish District Attorney filed a bill of information, charging defendant, Luis Franco, with one count of possession of over 400 grams of cocaine, in violation of LSA-R.S. 40:967(F), and one count of possession of a firearm by a convicted felon, in violation of LSA-R.S. 14:95.1. Defendant’s wife and three of their *1045 daughters were made co-defendants as to the possession of cocaine charge.
On November 3, 1992, defendant, through his retained attorney, waived arraignment and entered a plea of guilty to possession of over 400 grams of cocaine. Pursuant to the plea agreement, the charge of possession of a firearm by a convicted felon was dismissed and the cocaine charges were dismissed as to defendant’s wife and daughters. Defendant also agreed to forfeit any cocaine-related assets he received, including approximately $1,100.00 which was seized at the time of his arrest.
|3On February 10, 1993, the trial judge sentenced defendant to the minimum statutorily-required period — fifteen years at hard labor without benefit of probation or parole. The judge further imposed a $250,000.00 fine, which he suspended.
Thereafter, defendant retained a new attorney, who filed a Motion and Order to Withdraw Plea on February 16, 1993. Said motion was denied on February 17, 1993. On February 19, 1993, defendant filed a Motion and Order to Reconsider Denial of Motion to Withdraw Plea, Motion to Reconsider Sentence, Motion for New Trial and Motion for Appeal. A hearing was held on the first three of these motions on June 2, June 22, and July 12, 1993. At the conclusion of the hearing, the trial judge denied defendant’s motions. Defendant thereafter brought this appeal.

FACTS

Because this case involves a guilty plea, there is very little testimony in the record regarding the events that led to defendant’s arrest. The most detailed account in the record is contained in the pre-sentence investigation report issued by the Department of Corrections and entered as Exhibit S-l.
According to defendant, he was asleep at his home on the evening of October 15, 1992, and was awakened about 11:00 p.m. when police officers knocked at his front door and executed a search warrant. The officers handcuffed defendant, his wife and their three daughters, and asked where the drugs were. Defendant told them he had none.
The officers then used police dogs to locate the cocaine, which was concealed under a bathroom sink. The officers also found a gun under defendant’s mattress. Defendant then admitted to the officers that the cocaine Land the gun were his, and that he was holding the cocaine in anticipation of selling it once the market price increased.

ASSIGNMENT OF ERROR NUMBER ONE

The trial court erred in denying defendant’s motion to withdraw his guilty plea.

DISCUSSION

Defendant contends that he entered his guilty plea while suffering the emotional stress of his and his wife’s imprisonment, as well as distress over the prospect of his daughters’ prosecution, and that the State’s offer to dismiss the charges against his family if he pled guilty to the possession of cocaine charge had a coercive effect on him.
A court may, on its own discretion, permit a plea of guilty to be withdrawn at any time prior to sentencing. LSA-C.Cr.P. art. 559. Once a defendant has been sentenced, however, the trial court may not set aside a guilty plea unless the facts surrounding the plea render it constitutionally deficient. State v. Smith, 406 So.2d 1314 (La.1981); State v. Alfonso, 496 So.2d 1218, (La.App. 5th Cir.1986), writ denied, 501 So.2d 206 (La.1987); State v. Kafieh, 590 So.2d 100 (La.App. 5th Cir.1991), writ denied, 625 So.2d 1053 (La.1993).
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court delineated three constitutional rights which are waived by a plea of guilty: the right to a trial by jury, the right to confront one’s accusers, and the privilege against self-incrimination. Due process requires, and the record of the plea must show, that the defendant who enters a guilty plea is informed of these rights by the trial judge and knowingly and voluntarily waives them. Boykin v. Alabama, 395 U.S. at 240, 89 S.Ct. at 1711; State v. 5Galliano, 396 So.2d 1288, 1290 (La.1981); State v. Lewis, 601 So.2d 379, 380 (La.App. 5th Cir.1992).
In the case before us, the transcript shows that the trial judge informed defendant of *1046 the charges against him and the maximum sentence possible. The judge further informed defendant of his rights to trial by jury, to confront his accusers and his privilege against self-incrimination, and explained that by pleading guilty defendant was giving up these rights. The defendant indicated several times throughout the colloquy that he understood his constitutional rights and the consequences of pleading guilty.
The record also contains a waiver of rights form, signed by defendant, his attorney and the trial judge, indicating that defendant understood his constitutional rights and the ramifications of his guilty plea. Later, during the hearing on defendant’s post-conviction motions, defendant again testified that he had understood what he was doing when he pled guilty.
As a general rule, the denial of a motion for withdrawal of a guilty plea will not be overturned on appeal where the record clearly shows that the defendant was fully apprised of his rights and that he entered his plea knowingly and voluntarily. State v. Cook, 591 So.2d 1248 (La.App. 5th Cir.1991).
The record in the case before us clearly shows that defendant was properly informed of his rights and knowingly entered his plea. The question before us then is whether defendant entered his plea voluntarily. We find that he did.
While the defendant testified at the hearing that he pled guilty because he felt it was the only way for him to get his wife out of jail and the charges against his wife and daughters dropped, this assertion, even if true, does not rise to the level of a constitutionally deficient, involuntarily-entered guilty plea. The record |6reveals that defendant knew he was receiving the best possible sentence by pleading guilty to the possession charge. Defendant had a prior conviction of possession with intent to distribute cocaine. Pursuant to LSA-R.S. 15:529.1, he could have been “double-billed” as to this charge, thereby incurring a much greater sentence if convicted. Additionally, defendant was charged with being a convicted felon in possession of a firearm, in violation of LSA-R.S. 14:95.1. A conviction of this charge alone could have resulted in defendant being sentenced to ten years in jail.
Defendant’s plea bargain with the State, in which he received the benefit of having all of the other charges and possible charges dropped, including the charges pending against his wife and daughters, in exchange for pleading guilty to the possession of cocaine charge only, and receiving the minimum sentence allowed by law[1], was not involuntarily entered. While defendant may have suffered emotional distress at the time he entered his plea, this alone does not signify a constitutional deficiency. Furthermore, defendant testified during the motion hearing that he could not name anyone who had coerced him to enter a guilty plea. Defendant’s state of mind at the time he entered his plea did not affect his understanding of the proceedings or the voluntariness of his plea.[2]
Based on the foregoing, the trial judge did not err in denying defendant’s Motion to Withdraw Guilty Plea and Motion to Reconsider Denial of Motion to Withdraw Plea.
| ^ASSIGNMENT OF ERROR NUMBER TWO
Defendant was denied effective assistance of counsel due to conflict of interest arising from counsel’s representation of multiple defendants.

DISCUSSION

In this assignment of error, the defendant contends that he did not receive effective assistance of counsel from his original attorney. The Louisiana Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed through post-conviction relief rather than di *1047 rect appeal, so as to afford the parties an evidentiary hearing before the trial court and create an adequate record for review. State v. Truitt, 500 So.2d 355 (La.1987); State v. Brown, 384 So.2d 983 (La.1980). It is well settled, however, that where the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780 (La.1993); State v. Junior, 542 So.2d 23 (La.App. 5th Cir.1989), writ denied, 546 So.2d 1212 (La.1989).
A defendant is entitled to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article I, Section 13 of the Louisiana Constitution. When a defendant seeks reversal of a conviction based on ineffective assistance of counsel, he must satisfy both parts of the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), rehearing denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). First, the defendant must show that his attorney’s performance was deficient. To do this, he must show that counsel “committed errors so serious that he or she was not functioning as the ‘counsel’ guaranteed a defendant by the Sixth Amendment.” Strickland, supra, 466 U.S. at 686, 104 S.Ct. at 2064. Thejgkey question must be whether counsel’s performance was reasonable considering all the circumstances. If the deficiency requirement is met, defendant must then show that the deficiency was so great as to prejudice the defense. This requires a showing that counsel’s errors were “so serious as to deprive the defendant of a fair trial, one with a rehable result.” Id.[3]
The defendant herein asserts that his first attorney’s joint representation of him and his co-defendants created a conflict of interest that deprived him of his constitutional right to effective counsel. Multiple representation does not per se result in a conflict of interest, nor constitute ineffective assistance of counsel. State v. Kahey, 436 So.2d 475 (La.1983); State v. Lobato, 603 So.2d 739 (La.1992).
Both the United States Supreme Court and the Louisiana Supreme Court have given great consideration to the relationship between conflicting interests and effective assistance of counsel. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). State v. Carmouche, 508 So.2d 792 (La.1987); State v. Wille, 595 So.2d 1149 (La.1992). The courts have established two avenues for identifying and resolving Sixth Amendment violations due to a conflict of interest, depending upon when the issue is raised.
The Louisiana Supreme Court has found that an actual conflict exists where
Where the defendant raises the issue of ineffective assistance of counsel due to conflict of interest prior to trial, the trial judge must “either ... appoint separate counsel or take adequate steps to ascertain whether the risk of a conflict of interest was too remote to warrant separate counsel.” State v. Wille, supra at 1153, quoting from Holloway, supra. If, as in the instant case, the defendant did |9not raise the issue of conflict of interest until after trial, he is required to show that “an actual conflict of interest adversely affected his lawyer’s performance” in order to establish a Sixth Amendment violation. Id., quoting from Cuyler v. Sullivan, supra.
a defense attorney owes duties to a party whose interests are adverse to those of the defendant.... The interest of the other and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client.
State v. Kahey, supra 436 So.2d at 484, quoting Zuck v. Alabama, 588 F.2d 436 (5th Cir.1979), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979).
In the case before us, neither defendant nor his first attorney addressed the issue of conflict of interest in the trial court before or during the guilty plea. Also, defendant filed *1048 several motions for post-conviction relief, none of which alleged ineffective assistance of counsel. Moreover, defendant’s present attorney stated in closing argument during the motion hearing that “the issue here is not [defendant’s first attorney’s] service, and it’s never been that.”
After a review of the record, we find that defendant has failed to show that a conflict existed by having one attorney represent both defendant and his wife and daughters so that defendant was denied adequate representation under the Sixth Amendment. In essence, defendant argues that his first attorney placed the interests of defendant’s wife and daughters above those of defendant in making the plea bargain available to defendant, and that the charges against defendant’s wife and daughters were dismissed at the expense of defendant’s incarceration. However, the defendant accepted the plea bargain himself, and testified that no hpone (including the State, his attorney, his wife or his daughters) coerced him into pleading guilty. Moreover, the interests of defendant were not adverse to the interests of his wife and daughters. The defendant testified that his interests included having the possession of cocaine charges against his wife and daughters dropped. The interests of defendant’s wife and daughters, to be released from all charges, were identical.
Based on the foregoing, this assignment of error is without merit.

ERRORS PATENT

La.C.Cr.P. art. 920 provides: “the following matters and no others shall be considered on appeal. (1) An error designated in the assignments of error; and (2) an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an errors patent review, the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Pittman, 585 So.2d 591 (La.App. 5th Cir.1991), writ denied, 586 So.2d 545 (La.1991). Further, where a defendant has entered a plea of guilty, the error patent review should include a determination of whether the defendant was properly “Boykinized.” State v. Godejohn, 425 So.2d 750 (La.1983).
The issue of the validity of defendant’s guilty plea has been discussed above and no patent errors exist there. However, a review of the record reveals Inan error in the sentence imposed by the trial court. The court failed to grant defendant, credit for time served as required by La.C.Cr.P. art. 880.
The record shows that while the Hard Labor Sentencing Form gives the defendant credit for time served, the sentencing transcript does not reflect this. Generally, when there is a discrepancy between the minute entry and the transcript, the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983). However, since article 880 is mandatory in nature, defendant is entitled to credit for time served. Therefore, the defendant’s sentence is amended to give the defendant credit for time served, if any, prior to the imposition of his sentence.
In all other respects, the actions of the trial court are affirmed.
AFFIRMED AS AMENDED.

. Additionally, the trial judge suspended the $250,000 fine imposed against defendant.

. See State v. Williams, 383 So.2d 369, 371-72 (La.1980), where the Louisiana Supreme Court held that emotional distress is not a ground for suppressing a confession unless it is so great that defendant cannot act voluntarily. In the matter before us, there is no indication that defendant's emotional distress was so severe that he was unable to voluntarily plead guilty to the possession of cocaine charge.

. See also, State v. Hudson, 570 So.2d 504 (La.App. 5th Cir.1990), writ denied, 580 So.2d 920 (La.1991).